# CHARLESTON.

## STATE v. YOES.

## Decided May 17, 1910.

1. CRIMINAL LAW—*Presence of Accused—Evidence.*

An order in a criminal case, reciting an appearance by the prisoner in discharge of his recognizance and an announcement of his readiness for trial, suffices to show his presence in court in his own proper person at the trial.

2. SAME—*Trial—Assistance of Counsel.*

The clause of section 14 of Article III of the Constitution, providing that, in the trial of criminal cases, the accused "shall have the assistance of counsel," is permissive and conditional upon the pleasure of the accused, in its application to the conduct of the trial; and, to make a conviction valid, the record need not affirmative show the prisoner had the assistance of counsel.

3. SAME—*Appeal—Bills of Exception—Record.*

Though bills of exception be settled and signed in due time, they are not parts of the record, unless made so by a certificate or an order, entered upon the record.

Error to Circuit Court, McDowell County.

Annie Yoes was convicted of grand larceny, and brings error.

*Affirmed.*

*Lawson Worrell,* for plaintiff in error.

*William G. Conley,* Attorney General, for the State.

POFFENBARGER, JUDGE:

A writ of error was awarded Annie Yoes to a judgment on a verdict convicting her of grand larceny in the criminal court of McDowell county.

The first assignment of error is based upon the contention that the record fails to show the prisoner was in court in her own proper person during the trial. The order says: "The defendant appeared in discharge of her recognizance entered into herein and both parties announced themselves ready for trial." The issue had been made up at a former term. Her appearance in discharge of her recognizance was necessarily a

personal appearance. The recognizance could not otherwise have been discharged. The order shows no appearance by attorney and yet it says both parties announced themselves ready for trial. Hence it is clear, not only that she appeared in her own proper person, but also that she appeared for the purposes of the trial. This exception is not well taken.

The next assignment is based upon the failure of the record to show that the prisoner was assisted by counsel. The right to have counsel is a mere privilege guaranteed by the constitution. The provision of the constitution, relating to the right of a prisoner to have the assistance of counsel, was inserted for the purpose of abrogating the common law practice under which prisoners, accused of felony, were denied such right and to restrain the legislature from denying it by statute. It differs in nature as well as form from the guaranty of trial by jury. The latter is prohibitory in form, while the other is permissive, and conditional upon the pleasure of the accused. Preferring the protection of the court or choosing to rely upon his own skill and ability, he may not desire the assistance of counsel. No invasion of this guaranty is disclosed, therefore, unless a request for the assistance of counsel appears by the record to have been denied by the court. *Barnes* v. *Commonwealth,* 92 Va. 794; *State* v. *Ramsey,* 63 N. J. L. 363; *Schlinger* v. *People,* 102 Ill. 241; 12 Cyc. 533; Cooley Cons. Lim. 474, 475.

The other assignments of error involve the consideration of the evidence and other matters not disclosed by the record, unless the bills of exception, found in the printed record, are legally parts of the record. As there is no order, making them such, they cannot be so considered. *Wells* v. *Smith,* 49 W. Va. 78; *Ketterman* v. *Railroad Co.,* 48 W. Va. 606; *Craft* v. *Mann,* 46 W. Va. 478.

For the reasons stated, the judgment will be affirmed.

*Affirmed.*