6913.   GATLIN v. THE STATE.

1. It is a constitutional right of a defendant in a criminal case to have the benefit of counsel (Civil Code, § 6361); but he can waive this right. If the record shows that the accused did not have counsel, it is not cause for a new trial, unless it further appears that the right to have counsel was denied him. Barnes v. Commonwealth, 92 Va. 794 (5), 803 (23 S. E. 784); Edward v. State, 45 N. J. Law, 419; Sahlinger v. People, 102 Ill. 243; State v. Raney, 63 N. J. L. 363 (43 Atl. 677); State v. Terry, 201 Mo. 697 (100 S. W. 432).

2. It does not appear that the accused in this case was denied his constitutional right to have counsel.

3. The verdict was authorized by the evidence, and the court did not err in refusing a new trial.

DECIDED DECEMBER 6, 1915.

Accusation of assault and battery; from city court of Bainbridge —Judge Spooner. August 16, 1915.

*C. W. Wimberly, W. V. Custer,* for plaintiff in error.

*M. E. O'Neal, solicitor,* contra.

BROYLES, J. The following appears from the bill of exceptions: Sampson Gatlin was being tried for the offense of assault and battery. Upon the call of the case the defendant, who was at large under bond, appeared, and the court asked him whether he had counsel to represent him. The defendant stated that he did not have counsel. The court then asked him if he was ready for trial, and the defendant replied that he was; and the court instructed him to strike a jury. The defendant accepted the jury-list handed to him, and stated that the first twelve men were acceptable to him. The court failed to appoint counsel to represent the defendant, and failed to instruct him as to his constitutional right to the benefit of counsel, and failed to ask him if he wanted counsel to represent him. The case proceeded to trial and the jury rendered a verdict of guilty. In the amendment to the motion for a new trial error is assigned because the court failed to appoint counsel to represent the defendant; because the court did not inquire of the defendant whether he had employed counsel to represent him, whether he was able to employ counsel, and whether he wanted counsel to defend him; and because the court failed to instruct the defendant as to his constitutional right to have the benefit of counsel. It is not shown in the bill of exceptions, or in the motion for a new trial, that the defendant was ignorant of his constitutional right to be represented by counsel; nor is it shown or alleged that he was unable, on account of poverty, or for any other reason, to employ counsel, or that he even desired counsel. He was not confined in jail, but was out on bond; and it is not shown or alleged that he made any effort whatever to secure or employ counsel. On the contrary, it appears that when the court asked him if he was ready for trial, he replied in the affirmative, and proceeded to defend himself, acting as his own counsel; and the record shows that he cross-examined the witnesses with at least ordinary ability and intelligence, and succeeded in eliciting from them testimony favorable to his defense.

The right and privilege of one accused of crime to be defended by counsel is not denied by a mere failure of the court to assign counsel, when it does not appear that counsel is wanted. If the accused has means to employ counsel and is out upon bond, and has opportunity to secure counsel, and neglects or refuses to do so, the court is under no obligation or duty to appoint counsel to rep-

resent him. Where the defendant, as in this case, in answer to a query from the court, states that he has no counsel, and in answer to another question from the court replies that he is ready for trial, and makes no request for counsel to be appointed to defend him, but, on the contrary, actively enters into the case as his own lawyer, agreeing upon a jury, cross-examining the witnesses, and making his own statement to the jury, he waives his right to be represented by counsel. While the better practice for the court, on ascertaining that the accused has no counsel, is to ask him if he is able to employ counsel, and if he desires the benefit of counsel, and to acquaint him with his constitutional right in this respect, yet, under the particular facts of this case, and in the absence of any constitutional provision or statute requiring the court to do so, the omission of the court in this respect is not cause for a new trial. It is held in State *v.* Terry, 201 Mo. 697 (100 S. W. 432): "It does not become the duty of the trial court to assign counsel to defendant until the court has found, first, that he is without counsel; second, that he is unable to employ counsel; and, third, that he has requested that counsel be assigned to him. And where the court finds that defendant is able to employ counsel, it is not his duty to assign counsel to him, even though he requests it. The failure of a defendant to request the court to assign counsel to him is a waiver of this statutory right." A constitutional right, like any other right, may be waived; and while the constitutional right to have the benefit of counsel is a valuable and sacred one, and one that should never be denied or abridged, it is not a compulsory right; or, to put it in plain and simple words, if the defendant does not desire the assistance of counsel, but prefers to act as his own lawyer, he has that right also. The constitution of this State provides that "no person shall be deprived of the right to prosecute his own cause in any of the courts of this State, in person, by attorney, or both." Civil Code, § 6360. It is not shown in this case that the defendant desired the services of an attorney, but, on the contrary, it appears, at least inferentially, that he was satisfied to defend his cause personally, without the assistance of counsel, as he had a right to do. In the light of all the facts, as disclosed by the bill of exceptions and the record, it is clear to us that this defendant was not deprived of his constitutional right to have the benefit of counsel.                              *Judgment affirmed.*