(71 South. 134)

No. 21780.

STATE v. FULCO.

(Feb. 21, 1916.)

*(Syllabus by the Court.)*

CRIMINAL LAW ⟨⟩641(1)—COUNSEL FOR ACCUSED—OFFER TO ASSIGN—REFUSAL—RIGHT TO COMPLAIN.

The accused, who declined to accept an offer of the court to assign counsel to defend him, and, not mindful of the old adage, elected to act as his own lawyer, has no ground for complaint that he was not represented by counsel at the trial of the case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1496; Dec. Dig. ⟨⟩641(1).]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

John Fulco was convicted of retailing intoxicating liquors without a license, and appeals. Affirmed.

Murff & Roberts, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., and S. I. Foster, Asst. Dist. Atty., both of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. Defendant has appealed from a sentence of fine and imprisonment for retailing intoxicating liquors without previously obtaining a license therefor from the proper local authorities.

The appeal is based on a single bill of exception taken to the refusal of the trial judge to grant defendant's motion for a new trial.

The first ground of the motion is that the judgment is contrary to the law and the evidence and presents no question of law for review.

The other grounds are that the accused is an Italian who does not understand court proceedings, and speaks and understands the English language very badly; that, when his case was called, the defendant was not prepared to go to trial, and did not have an attorney to represent him, and was forced to go to trial without having his witnesses summoned, or having counsel to represent him; that he believes he has a good defense, and that, if he had been represented by counsel, he would have been able to have proved his innocence; and that he has employed counsel since the trial.

The per curiam reads as follows:

"This defendant had every opportunity to employ counsel before trial. When he was arraigned two or three weeks before the trial, he stated he had no counsel, and the court offered to assign counsel to him if he was not able to employ counsel, but he refused, stating that he did not want any lawyer; and it was not until after the state had put in its evidence in the Tony Fulco Case, 71 South. 133,[1] that he wanted a lawyer bad, and asked for a continuance to get one, which the court refused."

The facts stated in the per curiam demonstrate that the motion for a new trial is without merit. The accused refused to accept the offer of the court to assign counsel to defend him, and, not mindful of the old adage, elected to act as his own lawyer.

Judgment affirmed.

[1] Ante, p. 993.