[Crim. No. 2470. In Bank.—May 13, 1922.]

In the Matter of the Application of FRANK C. DREW
for a Writ of Habeas Corpus.

[1] CERTIORARI—SCOPE OF INQUIRY.—The scope of inquiry upon a writ
of review extends only to the question of the jurisdiction of the
court which rendered the judgment sought to be reviewed.

[2] HABEAS CORPUS — SCOPE OF INQUIRY. — The scope of inquiry on
*habeas corpus* is precisely the same as that upon a writ of re-
view, and it cannot go beyond the question of jurisdiction.

[3] CONTEMPT—SUPPLEMENTARY PROCEEDINGS—VALIDITY OF JUDGMENT
—EFFECT OF FORMER ADJUDICATION.—A president of a corporation
adjudged guilty of contempt for failure to appear in obedience
to an order of court before a referee in a proceeding supple-
mentary to execution on a judgment against the corporation is
concluded from contending on *habeas corpus* that the contempt
judgment is void because of the fact that prior to the beginning
of the action against the corporation it had ceased to exist be-
cause of the forfeiture of its charter, where the same contention
was made and adversely adjudicated in a previous proceeding to
review the same judgment.

[4] SUPPLEMENTARY PROCEEDINGS — APPOINTMENT OF REFEREE — CON-
STRUCTION OF CODE.—The provision of section 714 of the Code of
Civil Procedure that in a proceeding supplementary to execution
the judgment debtor cannot be required to attend before a judge
or referee out of the county in which he resides or in which he
has a place of business must be considered as an enlargement
of the power of the court to appoint a referee, if section 640,
which provides for the appointment of referees generally, may be
considered as requiring the appointment of a referee residing in
the county in which the cause is tried.

[5] ID.—EXAMINATION IN ANOTHER COUNTY.—In view of the fact that
section 714 of the Code of Civil Procedure authorizes the court
to appoint a referee in a supplementary proceeding, but does not
authorize the party to be examined except in the county where
he resides or has a place of business, it is necessarily implied
that where the party resides in another county the examination
may be held in that county, and that a referee may be appointed
who resides in that county.

[6] ID.—ELIGIBILITY OF REFEREE. — The eligibility to appointment as
referee of a person who is not a resident of the county in which
the cause is tried is not a ground for *habeas corpus, certiorari,* or

prohibition, but if it is material to any right of the party and is well taken, it must be presented on appeal.

[7] JUDGMENTS — ATTACK BY SUCCESSIVE PROCEEDINGS. — A judgment debtor cannot be allowed to present his reasons against the validity of the judgment against him piecemeal by successive proceedings for the same general purpose.

APPLICATION for a Writ of Habeas Corpus to secure release from custody on a commitment for contempt. Denied.

The facts are stated in the opinion of the court.

Lewis F. Byington and Maxwell McNutt for Petitioner.

SHAW, C. J.—The petitioner applies for a writ of *habeas corpus* to discharge him from custody under an order of arrest issued by the superior court of Mendocino County upon a judgment of that court declaring him guilty of contempt of court, and imposing a penalty of five days' imprisonment and five hundred dollars fine.

The judgment of contempt was based on an affidavit showing that in an action entitled *Phil Lobree* v. *L. E. White Lumber Co. et al.*, 53 Cal. App. 85 [199 Pac. 821], judgment had been duly rendered and entered against said lumber company; that thereupon proceedings supplementary to execution had been duly instituted and an examination had been ordered before one Ornbaum, who was appointed referee for that purpose, that Drew had been ordered to appear before said Ornbaum in the city and county of San Francisco, at a specified time and place, for the purpose of being examined in pursuance of said proceeding, and that he had failed to appear in obedience to the order of the court. The judgment of contempt recites the facts upon which it was based.

In his present petition for a writ of *habeas corpus* the petitioner claims that there are many technical defects in the affidavit and proceedings upon which he was adjudged guilty of contempt and in the proceeding supplementary to execution upon the judgment aforesaid. None of these, except those hereinafter mentioned, is of any consequence, as they do not go to the jurisdiction of the court to institute the proceedings in contempt and render the judg-

ment thereon. The main points of the petition are: (1) That the order of examination before the referee was void because the examination was to be held in San Francisco and the judgment was rendered in Mendocino County, and also because the referee, Ornbaum, resided in San Francisco County, that not being the county in which the judgment was rendered; (2) because prior to the beginning of the action in which the judgment against the L. E. White Lumber Company was rendered the said lumber company had ceased to exist as a corporation by reason of its having failed to pay its annual license tax as required by law, and that in consequence of that fact no valid judgment could be rendered against it.

This matter has been before the courts many times. The order of commitment for contempt was made on January 9, 1920. Up to this time the petitioner has succeeded in avoiding the imprisonment adjudged. Prior to the proceeding in contempt here attacked the petitioner had been adjudged guilty of contempt for refusing to obey a previous order of the court directing him to appear for examination in a previous proceeding supplementary to execution. In May, 1919, he applied to this court for a writ of *certiorari* to review and annul said order. The application was duly heard and this court on July 8, 1919, duly rendered its judgment declaring that the petitioner was in contempt of court for refusing to obey the order and affirming the judgment punishing him for contempt. (*Drew* v. *Superior Court*, 180 Cal. 711 [182 Pac. 417].) In that proceeding he did not claim that the defendant corporation had ceased to exist before the action was begun. Thereafter, another supplementary proceeding was begun in the same action, and in that proceeding the judgment of imprisonment here attacked was made. An order of examination was duly made therein and again the petitioner refused to appear for examination. He was again cited to appear upon a charge of contempt for such refusal, whereupon, before the hearing, he applied to the district court of appeal of the third district for a writ of prohibition on the general grounds that the superior court had no jurisdiction to hear and decide the charge of contempt. The cause was decided against him by the district court of appeal on October 18, 1919, and upon petition to this court a rehearing was

denied. (*Drew* v. *Superior Court*, 43 Cal. App. 651 [185 Pac. 680].) In his petition he made some claim that the judgment in the main case was void by reason of some extrinsic circumstances, but the opinion of the district court does not show the precise ground. The contempt proceeding in the superior court of Mendocino County then proceeded to a hearing, and on January 9, 1920, the judgment in contempt here involved was made. Thereupon, the petitioner herein filed his petition in the district court of appeal of the third district for a writ of review to annul said judgment of contempt. One of the grounds of this petition was that the judgment against the L. E. White Lumber Company upon which the proceedings supplementary and in contempt were based was void, because of the fact that prior to the beginning of said action said corporation had ceased to exist because of the forfeiture of its charter aforesaid. Thus the same contention which he makes now to this court was presented to that court for adjudication and the record of the judgment was presented to that court for review. It was there held on April 19, 1920, that the judgment was valid; that the finding therein that the corporation was in existence is final and conclusive and not open to attack in a proceeding in *certiorari*. (*Drew* v. *Superior Court*, 47 Cal. App. 150 [190 Pac.. 374].) Its existence was not legally impossible, for it may have been a corporation *de facto*, or it may have had its corporate charter restored as provided in section 14 of the act. (Stats. 1915, p. 427.) A petition to the supreme court for rehearing was denied, and that judgment thereupon became final. It declared, in effect, that the judgment on the charge of contempt was valid. **[1]** The scope of inquiry upon a writ of review extends only to the question of the jurisdiction of the court which rendered the judgment sought to be reviewed. **[2]** The scope of inquiry on *habeas corpus* is precisely the same. It cannot go beyond the question of jurisdiction. **[3]** The decision of the district court in that case was therefore an adjudication by that court, and also by this court on petition for rehearing, of the precise matter upon which the petitioner here claims that the contempt judgment is void. Even if we were of the opinion that the decision in that case was erroneous it would now be conclusive. It follows that there is no

merit in the contention that the contempt judgment is void
because of the alleged nonexistence of the L. E. White Lum-
ber Company as a corporation.

[4] Upon the second point, section 714 of the Code of
Civil Procedure provides that in a proceeding supplemen-
tary to execution the judgment debtor cannot be required
to attend before a judge or referee out of the county in
which he resides or in which he has a place of business.
There is no other provision of the code limiting the power
of the court to appoint a referee in supplementary pro-
ceedings. Section 640, providing for the appointment of
referees generally, provides that if the parties fail to agree
the judge must appoint one or more referees "who reside
in the county in which the action or proceeding is triable."
We think the provision of section 714 must be considered
as an enlargement of the power, if section 640 may be con-
sidered as requiring the appointment of a referee residing
in the county in which the cause is tried. [5] Section
714 authorizes the court to appoint a referee in supplemen-
tary proceeding and at the same time does not authorize
the party to be examined except in the county where he
resides or has a place of business. This necessarily implies
that where the party resides in another county the examina-
tion may be held in that county, since otherwise there could
be no examination of such party. Section 715 authorizes an
examination before a referee "at a specified time and
place." It does not limit the place at which the examina-
tion may be had in proceeding under that section. It ap-
pears from the record that the petitioner was the president
of the L. E. White Lumber Company, that he resided in
San Francisco and had a place of business there, and that
the said company also had its place of business there.
In view of these provisions of the statutes we are of the
opinion that the court had power to order an examination
in San Francisco. [6] We are also of the opinion that
the point that the referee was not a resident of Mendocino
County and therefore, as it is claimed, not eligible to ap-
pointment as referee, does not affect the jurisdiction of
the court, and therefore that it is not a ground for *habeas
corpus, certiorari,* or prohibition, but that if it is material
to any right of the party and is well taken, it must be
presented on appeal. Furthermore, it may be said that this

188 Cal.—46

point also has been adjudicated against the petitioner. He sought to review the order before the district court of appeal and if he had other reasons for alleging the want of jurisdiction by the court he should have presented it there. [7] The petitioner cannot be allowed to present his reasons against the validity of the judgment against him piecemeal by successive proceedings for the same general purpose. He has not only had his day in court to attack the validity of this judgment, but has had several such days, on each of which he could have urged this objection, but did not do so, and he is therefore barred as to that and all other objections to its validity. (Code Civ. Proc., sec. 1908.)

The petition for a writ of *habeas corpus* is denied.

Wilbur, J., Lawlor, J., Sloane, J., and Lennon, J., concurred.