[Crim. No. 1246. First Appellate District, Division One.—February 14, 1925.]

## In re EPHRAIM NORTHCOTT on Habeas Corpus.

[1] CRIMINAL LAW—VERDICT—SECTION 1164, PENAL CODE—JURISDICTION.—The omission by a trial court to comply with the requirements of section 1164 of the Penal Code in receiving a verdict in a criminal case did not divest the court of jurisdiction. Such omission amounted to nothing more than an error committed in the exercise of jurisdiction, which error should have been presented for review upon an appeal from the judgment.

[2] HABEAS CORPUS—ERRORS IN EXERCISE OF JURISDICTION.—A writ of *habeas corpus* may not be invoked to inquire into mere errors committed in the exercise of jurisdiction.

[3] ID.—ERRORS REVIEWABLE ON APPEAL—COLLATERAL ATTACK.—A judgment of conviction, after affirmance on appeal, cannot be collaterally attacked on *habeas corpus,* for grounds which were reviewable on that appeal, even though they were not mentioned in the decision thereof.

[4] CRIMINAL LAW—JUDGMENT OF CONVICTION—PRELIMINARY EXAMINATION—HABEAS CORPUS.—A petitioner for a writ of *habeas corpus* is not entitled to his release upon the asserted ground that the judgment of conviction is void because the magistrate before whom the preliminary examination was conducted held the petitioner for trial without reasonable or probable cause, where the petitioner is being held as a prisoner in the state prison pursuant to a commitment issued by the superior court, based upon the judgment of conviction obtained therein.

---

1. Errors or irregularities in proceedings as reviewable, on *habeas corpus,* note, 11 Ann. Cas. 1051. See, also, 13 Cal. Jur. 236.

[5] Id. — Judgment of Conviction in Superior Court — Order of Committing Magistrate.—The judgment of conviction obtained in the superior court is not related to, nor is it dependent upon, the order of the committing magistrate holding the petitioner to answer for trial, its foundation being in the evidence adduced at the trial and the verdict of the jury, and not in the proceedings occurring before the committing magistrate.

[6] Id.—Indeterminate Sentence Law—Constitutional Law.—In this *habeas corpus* proceeding, the contention that the indeterminate sentence law is repugnant to the "equal protection of the law" clauses of the federal and state constitutions because it deprives the petitioner of "the benefits and privileges which are conferred by section 1588 of the Penal Code" cannot be sustained.

(1) 29 C. J., p. 48, n. 89.   (2) 29 C. J., p. 27, n. 6.   (3) 29 C. J., p. 20, n. 51.   (4) 16 C. J., p. 332, n. 21.   (5) 16 C. J., p. 332, n. 18. (6) 12 C. J., p. 1188, n. 48; 16 C. J., p. 1369, n. 25.

APPLICATION for a Writ of Habeas Corpus to secure release from custody after judgment of conviction. Application denied.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli and Walter F. Lynch for Petitioner.

KNIGHT, J.—This is an application for a writ of *habeas corpus*. The petitioner is confined in the California state prison at San Quentin under an indeterminate sentence for the crime of murder in the second degree, after having been tried and convicted by a jury in the superior court of San Mateo County. An appeal was taken from the judgment of conviction and the order denying a motion for a new trial, in which all errors alleged to have been committed prior thereto were reviewed, and on February 2, 1920, said judgment and order were duly affirmed. (*People* v. *Northcott*, 45 Cal. App. 706 [189 Pac. 704].)

[1] The petitioner now alleges in this application that the trial court, in receiving the verdict, failed to follow the procedure prescribed by section 1164 of the Penal Code, and that, therefore, the judgment is void. Assuming such allegation to be true, and that the requirements of said section were not complied with, such omission did not divest

the court of jurisdiction. It amounted to nothing more than an error committed in the exercise of jurisdiction, which error should have been presented for review upon the appeal from the judgment. [2] A writ of *habeas corpus* may not be invoked to inquire into mere errors committed in the exercise of jurisdiction. (*Ex parte Philbrook,* 47 Cal. App. 678 [191 Pac. 77].) [3] Furthermore, a judgment of conviction, after affirmance on appeal, cannot be collaterally attacked on *habeas corpus,* for grounds which were reviewable on that appeal even though they were not mentioned in the decision thereof. (*Matter of Application of Smith,* 161 Cal. 208 [118 Pac. 710].)

[4] Secondly, the petition alleges that said judgment of conviction is void because the magistrate before whom the preliminary examination was conducted held the petitioner for trial without reasonable or probable cause. The point is without merit. It appears that petitioner is now being held as a prisoner in the state prison pursuant to a commitment issued by the superior court, based upon the judgment of conviction obtained therein. [5] Said judgment is not related to, nor is it dependent upon, the order of the committing magistrate holding the defendant to answer for trial, its foundation being in the evidence adduced at the trial and the verdict of the jury, and not in the proceedings occurring before the committing magistrate.

[6] Lastly, it is alleged that the indeterminate sentence law (sec. 1168, Pen. Code), under which petitioner was sentenced, is repugnant to the "equal protection of the law" clauses of the federal and state constitutions (Const. U. S., Amend. 14, sec. 1; Const. Cal., art. I, sec. 13), because it deprives petitioner of "the benefits and privileges which are conferred by section 1588 of the Penal Code. . . . " That code section granted to prisoners confined in the state prison a statutory right to credits for good behavior. The supreme court in the case of *In re Lee,* 177 Cal. 690 [171 Pac. 958], held that the indeterminate sentence law was constitutional, and in so holding declared that its provisions repealed by implication the provisions of said section 1588, and substituted "the discretion of the board of prison directors for an absolute statutory right, thus making what had been before a right now a matter of grace." (*In re Mann,* 192

Cal. 165 [219 Pac. 71].) The case of *In re Lee, supra,* further established the proposition that the deprival of the right theretofore conferred upon prisoners by said section 1588 operated uniformly against all prisoners who are sentenced under said indeterminate sentence law; and that being so, it is obvious said law does not contravene the constitutional inhibition relied upon by petitioner. ''It has been repeatedly held that a law is general which applied to all of a class—the classification being a proper one—and the requirement of uniformity is satisfied if it applies to all of the class alike.'' (5 Cal. Jur., p. 819.) Illustrative of the legality of such laws may be cited statutes which by their terms apply only to that class of prisoners serving life sentences. (*People* v. *Finley,* 153 Cal. 59 [94 Pac. 248]; *Finley* v. *California,* 222 U. S. 28 [56 L. Ed. 75, 32 Sup. Ct. Rep. 11, see, also, Rose's U. S. Notes].) The mere fact that said indeterminate sentence law does not apply to persons who are convicted of offenses which were committed prior to the enactment of said law (*In re Lee, supra*), and also to persons convicted of crimes the punishment for which the statute fixes no minimum or maximum penalty (*In re Sama,* 189 Cal. 153 [207 Pac. 893]), does not affect the situation, for the simple reason that the character of those cases constitutes a different class.

The application for the writ is denied.

Tyler, P. J., and St. Sure, J., concurred.