[Crim. No. 2594. Second Appellate District, Division One.—January 16, 1935.]

THE PEOPLE, Respondent, v. FRANK CONNOR, Appellant.

Frank Connor, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

HOUSER, J.— From the record herein it appears that defendant was convicted on each of four counts of the crime of robbery of the first degree, as well as of each of the additional crimes of grand theft, and unlawfully having in his possession a firearm, etc. The fact also was adjudged that theretofore defendant had suffered a conviction of a felony, to wit, robbery, and had served a term of imprisonment therefor. No appeal was taken by defendant from the ensuing judgment; but more than two years after said judgment had been rendered, defendant presented to the trial court a motion to vacate such judgment on the ground, in substance, that it was indefinite and uncertain in that the term of imprisonment of defendant as provided in his commitment could not thereby or therefrom be ascertained. From an order by which such motion was denied, defendant has appealed to this court.

The crucial point presented by appellant is that because by the provisions of section 213 of the Penal Code the crime of robbery in the first degree is made punishable in the state prison "by not less than five years", and by subdivision (b) of section 1168 of the Penal Code the punishment for such offense is prescribed as follows:

"For a person previously convicted of a felony either in this state or elsewhere, and armed with a deadly weapon, either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, ten years;"—and since the commitment in the instant case failed to state specifically that at the time when defendant

committed the several crimes of robbery of which he was convicted, he was armed with a deadly weapon,—the exact term of his sentence could not be determined; and consequently that the judgment rendered against him was void.

Waiving the question of the legal right of defendant to appeal from the order here under consideration, it will suffice to state that, in principle, in each of several cases decided by the appellate tribunals of this state wherein the facts were analogous to those in the instant case, it has been decided that an order such as is herein presented for review should be affirmed. (*People* v. *Ramirez,* 139 Cal. App. 380 [33 Pac. (2d) 848]; *People* v. *Bayne,* 136 Cal. App. 341 [28 Pac. (2d) 1068]; *People* v. *Rhodes,* 137 Cal. App. 385 [30 Pac. (2d) 1026]; *People* v. *Brown,* 140 Cal. App. 616 [36 Pac. (2d) 194].)

It is ordered that the order from which the appeal herein is taken be and it is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 14, 1935.