[Crim. No. 2779. Second Appellate District, Division One.—September 7, 1935.]

In the Matter of the Application of L. MONTE WEST for a Writ of Habeas Corpus.

F. H. Bowers for Petitioner.

Buron Fitts, District Attorney, and A. H. Van Cott and Jere J. Sullivan, Deputies District Attorney, for Respondent.

YORK, J.—This matter comes before this court pursuant to a writ of *habeas corpus,* after a conviction had in the superior court was affirmed by the District Court of Appeal,—*People* v. *West,* 3 Cal. App. (2d) 568 [40 Pac. (2d) 278],—which decision has now become final.

Obviously, if the two counts in the amended indictment charged an identical offense in identical language, the defendant could not be convicted upon both counts. The proper method of procedure, if an identical offense was charged in identical language, would have been to dismiss one count, but as this is not the fact in this case, it was left to the court without a jury to decide if defendant was guilty of a violation of law, as charged in either of said counts. The court found defendant guilty as charged in the second count of the indictment, which count was not in the identical language of the first count, in that there was some difference in the phraseology of the two counts, as set forth in the indictment, and those differences are in accord with the several descriptions of the offenses, as set forth in the Penal Code. It would appear that the court concluded that the second count of the indictment more correctly stated the offense committed than did the first count.

Count one of the amended indictment charged a violation of subdivision 3, section 424 of the Penal Code of California, and alleged that defendant "on or about the 30th day of June,

1934, . . . did unlawfully and knowingly keep a false account in a record of the County Treasurer of the County of Los Angeles relating to the receipt, safekeeping, transfer, and disbursement of public moneys of the County of Los Angeles, to-wit, a daily balance sheet, by omitting to correctly reflect the absence of Eight Hundred Fifteen Dollars ($815.00) in cash, . . . and he, the said L. Monte West, did then and there aid, abet, encourage, advise and assist the said H. L. Woodruff in the commission of said offense''.

Count two of the amended indictment charged a violation of subdivision 4, section 424 of the Penal Code, and charged that he did ''unlawfully and fraudulently falsify and conceal an account in the record of the County Treasurer of the County of Los Angeles relating to the receipt, safekeeping, transfer and disbursement of public moneys of the County of Los Angeles, to-wit, a daily balance sheet, by omitting to correctly reflect the absence of Eight Hundred Fifteen Dollars ($815.00) in cash, . . . and he, the said L. Monte West, did then and there aid, abet, encourage, advise and assist the said H. L. Woodruff in the commission of said offense''.

As to the finality of the conviction, we quote the rule laid down in *In re Smith*, 161 Cal. 208 [118 Pac. 710], in which the petitioner having been convicted of robbery and the judgment having been affirmed by the District Court of Appeal, the Supreme Court refused to discharge him on *habeas corpus*, holding that, ''Every ground of his present petition was reviewable on that appeal but they were not mentioned in the decision, and they cannot now be urged in a collateral attack upon the judgment''.

If the decision of the District Court of Appeal affirming the conviction of the defendant was error in the particulars claimed in the petition for the writ before us, the remedy was to file an application for hearing upon such grounds in the Supreme Court, rather than by petition for the writ of *habeas corpus* addressed to this court. (*In re Northcott*, 71 Cal. App. 281, 283 [235 Pac. 458].)

Petitioner is remanded to custody.

Conrey, P. J., concurred.

Houser, J., concurred in the judgment.