HARRIS *v.* NORRIS, sheriff.

No. 12936. SEPTEMBER 13, 1939.

*Randall Evans Jr., Jack D. Evans,* and *James R. Evans,* for plaintiff.

*J. Cecil Davis, solicitor-general,* for defendant.

REID, Chief Justice. Marvin Harris was arrested under a warrant charging him with being an accessory before the fact to the murder of Charlie Jackson. Code, § 26-603. In accordance with §§ 27-407, 27-208, providing in effect that where one is arrested under a warrant charging him with the commission of a criminal offense, he is, at his election, entitled to a commitment hearing for the purpose of determining if "there is sufficient reason to suspect" his guilt, so as to require him to appear and answer before the court competent to try him, the defendant was taken before a justice of the peace and a commitment trial had. The justice, finding that there was probable cause to suspect the guilt of the defendant, committed him to jail. Thereafter the defendant presented to the judge of the superior court an application for habeas corpus, claiming that the commitment hearing accorded to him was illegal, and that his demand for another hearing had been refused. The judge issued the writ, and at the hearing remanded the accused to custody. He excepted to this judgment.

■ The attack made on the legality of the commitment hearing is twofold: first, that the defendant was not represented by counsel, and was not informed at or before the hearing that he was entitled to counsel, and that he did not know how to swear witnesses or how to make a statement; and second: that the committing magistrate did not reduce the evidence to writing, as required by the Code, §§ 27-405, 27-406. "Any person restrained of his liberty under any pretext whatever, or any person alleging that another, in whom for any cause he is interested, is restrained of his liberty or kept illegally from the custody of the applicant, may sue out a writ of habeas corpus to inquire into the legality of such restraint." Code, § 50-101. The question to be determined on the return of a writ of habeas corpus is the legality of the detention at the time of the hearing. *Holder* v. *Beavers,* 141 *Ga.* 217 (80 S. E. 715); *Cross* v. *Foote,* 17 *Ga. App.* 802 (88 S. E. 594); *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305, 310 (43 S. E. 780, 61 L. R. A. 739). The writ is never allowable as a substitute for a writ of error, or other remedial procedure to correct errors in the trial of a criminal case (*Wells* v. *Pridgen,* 154 *Ga.* 397, 114 S. E. 355; *Strickland* v. *Thompson,* 155 *Ga.* 125, 116 S. E. 593; *Phillips* v. *Brown,* 122 *Ga.* 571, 50 S. E. 361; *Collins* v. *Hall,* 92 *Ga.* 411, 17 S. E. 622; *Marshall* v. *Griffin,* 173 *Ga.* 782, 161 S. E. 622; *Griffin* v. *Smith,*

184 *Ga.* 871, 193 S. E. 777; *Wells* v. *Newton,* 101 *Ga.* 141, 28 S. E. 640; *Moore* v. *Wheeler,* 109 *Ga.* 62, 35 S. E. 116; *Griffin* v. *Eaves,* 114 *Ga.* 65, 39 S. E. 913; *Tolleson* v. *Greene,* 83 *Ga.* 499, 10 S. E. 120), but "is the appropriate remedy only when the court was without jurisdiction in the premises, or where it exceeded its jurisdiction in passing the sentence by virtue of which the party is imprisoned, so that such sentence is not merely erroneous, but is absolutely void." *Wells* v. *Pridgen,* supra. Though there is no appeal from the judgment of a justice of the peace committing a defendant to jail to await the action of the grand jury (*Hyden* v. *State,* 40 *Ga.* 476; *Strickland* v. *Hamilton,* 148 *Ga.* 820, 98 S. E. 471; *Griggs* v. *Macon,* 154 *Ga.* 519, 114 S. E. 899; *Prime* v. *State,* 44 *Ga. App.* 288, 161 S. E. 292), as in the case of final conviction and sentence, it is nevertheless true that the same rule is applicable thereto, that is, that the writ of habeas corpus can not be employed to correct errors or irregularities in the commitment hearing, but the judgment committing the defendant must be absolutely void. *Sanders* v. *Paschal,* 186 *Ga.* 837 (199 S. E. 153). See Code, §§ 27-422, 50-116, 50-117, 110-708. In regard to the second attack made in the present case on the judgment committing the defendant to jail, while, under the Code, §§ 27-405, 27-406, it was the absolute duty of the justice in such case to "cause an abstract of all the evidence to be made" and return the same to the superior court, it can not be said that the failure of the justice to comply with the duty thus imposed upon him so vitiates the hearing and commitment as to render them absolutely void, and authorize, under the above authorities, the grant of the writ of habeas corpus. The provisions of the above sections are for the benefit of the State as well as the defendant; and while the duty there imposed upon the justice is clearly mandatory, it can have no reasonable relation to the legality of the commitment. His failure to comply with this requirement does not affect his jurisdiction, or strip him of his power and authority to render a judgment of commitment in such case. In Kansas, as is true in many other States, no person can be tried on an information charging him with a criminal offense, unless there has been a valid commitment hearing. The return of the proceedings before the magistrate is necessary to invest the trial court with jurisdiction to try the accused, and it is upon this return that the information is filed.

16 C. J. 343. It was held, however, in State *v.* Flowers, 58 Kan. 702 (50 Pac. 938), that the failure of the clerk of the committing court to reduce the evidence to writing as required by law was not jurisdictional and did not vitiate the preliminary hearing and the judgment of the magistrate committing the defendant, so as to deprive the district court of jurisdiction to try the defendant for the offense charged against him. It follows that the defendant was not entitled to be discharged on habeas corpus on this ground.

█ As pointed out above, it is also contended by the defendant that he was denied the right to counsel as guaranteed him by the constitution, and therefore that the court had no authority or power to render judgment committing him to jail. We are of the opinion that the defendant was not denied counsel in violation of the constitution; and therefore it is unnecessary for us to determine at this time whether, if such had appeared, the judgment would have been void, and would have entitled him to be discharged on habeas corpus. See cases cited in *Aldredge* v. *Williams,* 188 *Ga.* 607 (4 S. E. 2d, —), the pertinent provision of our constitution, in so far as material here, is as follows: "Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel." Code, § 2-105. This provision absolutely guarantees one accused of a crime the right to have the assistance of counsel and be heard at his trial, and was no doubt inserted in the constitution to abrogate the common-law practice under which prisoners accused of felony were denied such right, and to restrain the legislature from denying it by statute. See State *v.* Yoes, 67 W. Va. 546 (68 S. E. 181, 140 Am. St. R. 978). In the present case the defendant claims that he was denied counsel only in so far as the failure of the justice to inform him of his right may constitute such a denial. It has been held that a showing that a defendant had no counsel at his *trial,* and was not informed by the trial judge of his right thereto, does not, without more, disclose a denial of the right to counsel as guaranteed by the constitution. *Gatlin* v. *State,* 17 *Ga. App.* 406 (87 S. E. 151) ; *Bailey* v. *State,* 50 *Ga. App.* 93 (176 S. E. 909) ; Weatherford *v.* State, 76 Fla. 219 (79 So. 680). In the present case the defendant testified, in effect, that if he had known of his right he would have procured counsel, thus by implication testifying that he was ignorant thereof; and this fact may serve to distinguish the above cases, in which

this did not appear. Our courts have given the above provision of the constitution a very liberal construction, a construction which in effect places upon the judge presiding at the *trial* of one charged with a criminal offense the affirmative duty of seeing to it that the defendant is represented by counsel. Where the defendant is unable to employ counsel, the court must appoint one for him, if he desires it. *Martin* v. *State,* 51 *Ga.* 567; *Delk* v. *State,* 99 *Ga.* 667 (26 S. E. 752); *Simmons* v. *State,* 116 *Ga.* 583 (42 S. E. 779). Accordingly, it has been the common and established practice for the trial judge to inquire of a defendant if he has employed counsel, or if he is able to do so, and, if not, whether he desires the court to appoint one for him, thus giving him the full protection of the constitutional guaranty. It must be remembered, however, that we are here dealing with a commitment hearing and a judgment committing the defendant to jail to await the action of the grand jury, and not with a *trial* where the defendant has been convicted and sentenced for the offense charged. It is at once apparent that there is a vast and material difference between the two. A commitment hearing is not a trial in the usual and ordinary acceptation, and the question of guilt or innocence as tested by the rule of proof beyond a reasonable doubt is not for determination. The sole function of the justice is to determine if "there is sufficient reason to suspect" the defendant's guilt, and his judgment committing the defendant to jail is not evidence of his guilt on the final trial. The established procedure that has been followed in this State upon the trial of one accused of a criminal offense, as above outlined, has not customarily been followed in commitment trials in the justice's courts, it not generally having been considered that a justice of the peace has the power to appoint and require a lawyer to represent an indigent defendant at his commitment hearing. It is our view, in the light of what has been said, that the above provision of the constitution, properly construed, can have no strict application to a commitment hearing, at least to no greater extent than it may be said to have been by implication made applicable thereto by the Code, § 27-403. That section is made applicable to commitment trials expressly, and is as follows: "A reasonable time shall be given to the defendant or prosecutor for the preparation of his case; and in no event shall the defendant be forced to trial without the aid of counsel, if there

be a reasonable probability of his securing counsel without too great delay." The two requirements of this section are (1) that defendant must be given a reasonable time to prepare his case, and (2) that he is not to be *forced* to trial without counsel, if he is able to procure one within a reasonable time. Accordingly, while it may be true that a defendant may not be actually denied the privilege of counsel at his commitment hearing if it is made to appear that he is able to procure one in a reasonable time, no affirmative duty rests on the justice presiding at a commitment hearing to inquire into defendant's representation by counsel, as upon a judge presiding over the actual trial of the defendant; and the failure of the justice to inform defendant that he has a right to procure counsel does not, in our opinion, disclose that he has been denied counsel as guaranteed by the constitution. The statement found in 16 C. J. 324, that "Except where accused appears before the magistrate with counsel, it is the duty of the court, in addition to informing accused of the charge against him, to inform him of his right to the aid of counsel in every stage of the proceedings," must be taken in the light of the authorities cited by the text in support thereof. Those authorities are decisions of California, New York, and Tennessee. In each of these States there is an express statutory requirement that upon being arraigned upon preliminary examination, it is the duty of the magistrate to inform accused of his right to counsel. Therefore the text is not authority for the proposition that where the defendant is not represented by counsel at his commitment hearing, the fact that he was not informed of his right to counsel discloses a denial thereof under the constitution.

In the present case it should be stated that it appears that the defendant had been incarcerated in jail for several days at the time of the commitment hearing, under a warrant charging him with murder. He was given ample notice of the time of the commitment hearing, but he made no effort to employ counsel during this time. Continued confinement, however, seems to have awakened him to the reality and seriousness of his situation; and since the hearing he has employed counsel apparently without any one advising him of his right to do so. It appears that he was present at the commitment hearing, and heard the witnesses testify. He was asked if he desired to swear any witnesses or to make any

statement, and he replied that he did not. We are confident that the showing made does not disclose that he has been deprived of the privilege and benefit of counsel, under the constitution of this State. The judge did not err in refusing to discharge the defendant, and in remanding him to jail.

*Judgment affirmed. All the Justices concur.*