THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWARD GUBER, Alias EDWARD H. GOULD, Alias EDWARD GOULD, Alias GEORGE JACKSON, Defendant.

Court of General Sessions, County of New York, April, 1952.

*Harry A. Schwartz* and *Edward R. Loomie* for defendant.

*Nathaniel L. Goldstein, Attorney-General (John J. Kelly* of counsel), for plaintiff.

SCHURMAN, J. This is a motion for a writ of error *coram nobis* and it is the second motion of this sort defendant has made. In the first motion, denied in 1947, defendant charged fraud. His claim now is that he was denied counsel of his own choice at his trial and that subpœnas for witnesses were withheld.

Defendant, who insisted in acting as his own lawyer, was tried in the Court of General Sessions on charges of larceny and forgery arising out of stock swindles. With interruptions the trial lasted from October 14, 1945, to January 14, 1946, and the stenographic minutes covered 1,476 pages. The forgery counts in the indictment were dismissed by the court at the end of the

People's case and the court submitted twelve larceny counts to the jury. On these the jury convicted the defendant under nine counts and acquitted him under three counts.

Thereafter an information was filed against the defendant charging him with being a third-felony offender. On defendant's admission that he was the same person named in such information, he was sentenced to State prison for terms that aggregated not less than fifteen and not more than forty years.

Defendant thereupon appealed to the Appellate Division of the Supreme Court which, after granting defendant an extension of time for perfecting his appeal, finally dismissed his appeal for failure to prosecute. (*People* v. *Guber,* N. Y. L. J., April 22, 1948, p. 1496, col. 3.)

While defendant's appeal was pending, he also applied for a writ of error *coram nobis* and this application was denied in a memorandum dated February 28, 1947.

Then defendant made a motion to the Appellate Division to reinstate his appeal and for other relief. This motion was in all respects denied. (*People* v. *Guber,* N. Y. L. J., June 15, 1948, p. 2247, col. 1.) Defendant next sought to appeal to the Court of Appeals from such denial but was advised by the Chief Judge, in a letter dated September 17, 1948, that the order was not appealable.

Subsequently defendant asked the Supreme Court of the United States for a writ of certiorari to review the order of the Appellate Division that had denied his motion to reinstate the appeal. The application for a writ of certiorari was denied. (*Gould* v. *New York,* 335 U. S. 894.)

Defendant's trial in the Court of General Sessions started on October 14, 1945. At that time and during the greater part of his trial, defendant insisted on being his own lawyer. Although the court offered to assign counsel to represent him, defendant refused this offer and chose to conduct his own defense. Towards the end of the trial, defendant was taken ill whereupon the court assigned an attorney of standing and ability to aid the defendant should he so desire. However, defendant repelled this offer. Nonetheless this lawyer sat with defendant to help him should defendant want help.

Until January 8, 1946, as the People's case neared its close, defendant refused all aid. Then, for the first time, defendant asked for an adjournment to retain counsel of his own choosing, and this motion was denied.

Although research has failed to disclose any New York authority on such ruling, comments made by the Supreme Court of

California on a similar situation are persuasive. See *Matter of Connor* (16 Cal. 2d 701 [1940]) where the court said at page 709: "These rulings of the court, refusing to accede to belated demands of petitioner obviously interposed to delay proceedings and sway the jury, were not erroneous. The right to the assistance of counsel guaranteed by the constitutional and statutory provisions, like any other legal right, may be invoked only in the course of orderly procedure. A defendant who, with an intelligent conception of the consequences of his act, declines the aid of counsel prior to or at the commencement of his trial, is not entitled thereafter to interrupt and delay the hearing at any stage he deems advantageous merely to interpose a demand for legal assistance. (*People* v. *Goldenson,* 76 Cal. 328, 341 [19 Pac. 161]; *State* v. *Fulco,* 138 La. 995 [71 So. 134]; *Watkins* v. *Commonwealth,* 174 Va. 518 [6 S. E. (2d) 670]; *People* v. *Bimbo,* 369 Ill. 618 [17 N. E. (2d) 573]; *Marovich* v. *State,* 202 Ind. 274 [173 N. E. 326].) When petitioner stated at the time of his arraignment that he did not need an attorney, the court was justified in taking him at his word (*Dietz* v. *State,* 149 Wis. 462 [136 N. W. 166, Ann. Cas. 1913B, 732]; *In re Connor, supra* [15 Cal. 2d 161]). His attitude, both at that time and at the commencement of the trial, was equivalent to a final declination of counsel (*People* v. *Cowan,* 38 Cal. App. (2d) 144 [100 Pac. (2d) 1079], and precluded him from again raising the question when the trial was well under way." (Certiorari denied—*Connor* v. *California,* 313 U. S. 542.)

Like reasoning disposes of the subpœnas. Here an effort was made to help defendant but he chose to ignore it and afterwards made the demands that appear in the record.

Finally, the present motion is not one that comes within the framework appropriate to applications for a writ of error *coram nobis*. All of the alleged violations of constitutional rights appear on the face of the trial record. In such circumstances defendant is relegated to the remedy afforded by way of appeal. (*People* v. *Kendricks,* 300 N. Y. 544.) And where an error of law appears on the face of the record, *coram nobis* is not available. (*People* v. *Sadness,* 300 N. Y. 69; *People* v. *Gersewitz,* 294 N. Y. 163.)

Hence defendant is not entitled to the relief that he now seeks either on the merits or under the legal principles applicable to such applications, and his motion for a writ of error *coram nobis* is in all respects denied.