**James Leslie KARIS, Petitioner,**

v.

**Daniel VASQUEZ, Warden of the California State Prison at San Quentin; and James Gomez, Director of the California Department of Corrections, Respondents.**

No. Civ. S–89–0527 LKK JFM.

United States District Court,
E.D. California.

Aug. 5, 1993.

Norman C. Hile, Orrick, Herrington & Sutcliffe, Sacramento, CA and Thomas W. Condit, Sallisaw, OK, for petitioner.

Daniel E. Lungren, Atty. Gen. of State of Cal. and William G. Prahl, and James T. McNally, Deputy Attys. Gen., Sacramento, CA, for respondents.

## ORDER

KARLTON, Chief Judge Emeritus.

### DEATH PENALTY CASE

Petitioner JAMES L. KARIS was convicted and sentenced to death in the El Dorado County Superior Court. He has filed a petition with this court seeking federal habeas corpus, *see generally* 28 U.S.C. § 2254, which pursuant to Local Rule 191(f) was referred to Chief Magistrate Judge John F. Moulds. The respondents moved to dismiss. They noted that petitioner had sought habeas relief from the California Supreme Court raising the same claims and asserted that the petition was denied on independent and adequate state procedural grounds.

In due course, the magistrate judge filed findings and recommendations concluding that the respondents' motion to dismiss should be denied. The respondents filed objections to the magistrate judge's recommendations, and the petitioner replied. The court disposes of the motion herein. The court believes that the magistrate judge's recommendations are fully supported by the record and the law and, accordingly, will adopt them for the reasons which are explained below.

Because the court believes that Magistrate Judge Moulds' findings and recommendations constitute a detailed and accurate determination of the applicable law, this order adopting them reproduces much of the analysis and even some of the language employed therein.

I

### PROCEDURAL HISTORY

Subsequent to petitioner's conviction and the entry of a judgment of death, he appealed, through the State Public Defender, to the California Supreme Court. He also simultaneously filed a single issue petition for writ of habeas corpus with that court. The California Supreme Court affirmed the trial court's judgment and denied petitioner's habeas petition. *See People v. Karis,* 46 Cal.3d 612, 250 Cal.Rptr. 659, 758 P.2d 1189 (1988), *cert. denied,* 490 U.S. 1012, 109 S.Ct. 1658, 104 L.Ed.2d 172 (1989). After the United States Supreme Court denied his petition for writ of certiorari, petitioner's appellate counsel withdrew from the case.

Petitioner moved this court for appointment of counsel. The court granted the motion and petitioner's new counsels' application for a 120–day stay of execution. *See* Local Rule 191(h)(2), *and see Brown v. Vasquez,* 952 F.2d 1164 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1778, 118 L.Ed.2d 435 (1992). On March 26, 1990, petitioner filed a petition for writ of habeas corpus and an application for a stay of execution. In an order dated May 1, 1990, the court stayed petitioner's execution until further order of the court. That stay of execution remains in effect. On August 27, 1990, petitioner filed an amended petition.

On August 31, 1990, the magistrate judge held a hearing, attended by petitioner and all counsel, to inquire into the existence of any claims not contained in the amended petition. *See Neuschafer v. Whitley,* 860 F.2d 1470, 1477–82 (9th Cir.1988), *cert. denied,* 493 U.S.

906, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989) (Alarcon, J., concurring); *see also Ainsworth v. Vasquez,* 759 F.Supp. 1467 (E.D.Cal.1991) (en banc). Thereafter, the parties agreed upon the identity of the unexhausted claims in the amended petition. On September 27, 1990, the court stayed these proceedings pending the exhaustion of petitioner's state remedies. *See* Local Rule 191(h)(5).

Petitioner's first habeas petition was consolidated with his appeal in 1986. State court record ("SCR") at N.[1] According to documents lodged with the court,[2] petitioner filed his second state habeas petition with the California Supreme Court in July 1991. That court ordered informal briefing on the second petition. After respondents submitted a brief, petitioner filed an amended petition which included a short explanation of the proceedings in this court and added one claim. Without explanation, the California Supreme Court treated this petition as a new, and thus, third petition.[3]

On October 16, 1991, the California Supreme Court denied petitioner's second state habeas petition with a nine-paragraph minute order (the "October Order"). Respondents' Mem. in Supp. of Mot. to Dismiss, Attach. 1. On February 19, 1992, the court summarily denied the third petition in two lines (the "February Order"). *Id.,* Attach. 2.

On March 2, 1992, petitioner informed the magistrate judge that he had exhausted his state remedies and the federal case was then reopened. Petitioner filed a second amended federal petition on April 3, 1992. On April 30, 1992, respondents filed this motion to dismiss, and on May 8, 1992, filed their answer. As noted above, respondents assert that all of the claims contained in petitioner's second and third state petitions are not cognizable by this court because the California

Supreme Court denied those claims on independent and adequate state procedural grounds.

## II

### STANDARD OF REVIEW OF MAGISTRATE

### JUDGE'S FINDINGS AND RECOMMENDATIONS[4]

■ This court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.,* 656 F.2d 1309, 1313 (9th Cir.1981), *cert. denied,* 455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. *See Orand v. United States,* 602 F.2d 207, 208 (9th Cir.1979). All of the magistrate's conclusions of law are reviewed de novo. *See Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir.1989) (citing *Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983)).

■ The court is not bound to adopt the magistrate's findings and recommendations; on the contrary, the court will exercise "sound judicial discretion" in making its own determination on the record. *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

---

1. Respondents lodged the state court record and filed an index thereto on April 12, 1990.

2. With this motion, respondents lodged all pleadings associated with petitioner's 1991 petitions for state habeas relief. The pleadings are labeled "Respondents' Motion 1 and 2."

3. Although it seems relatively clear that this filing should be viewed as an amendment to petitioner's second petition, that is not how the California Supreme Court characterized the document. Since, as I explain below, I do not regard

the apparent mischaracterization of the filing as having any substantive effect, for convenience sake, I too will denominate the filing as a third petition.

4. I recite here the standards applicable to a district court's review of a dispositive motion. As I explain elsewhere, however, it may well be that the issues before this court are nondispositive and thus subject to a different standard. *See* n. 8, *infra.*

### III

### *STANDARDS APPLICABLE TO THE MOTION TO DISMISS*

■■■ Based on concerns of comity and federalism, federal courts ordinarily will not review a habeas petitioner's claims if a state court decision denying relief premised on those claims rests on a state law ground that is independent of federal law and adequate to support the judgment. *Coleman v. Thompson*, —— U.S. ——, —— – ——, 111 S.Ct. 2546, 2553–54, 115 L.Ed.2d 640 (1991); *Harris v. Reed*, 489 U.S. 255, 260–62, 109 S.Ct. 1038, 1041–43, 103 L.Ed.2d 308 (1989). Generally, the only state law grounds meeting these requirements are state procedural rules.[5]

The Ninth Circuit recently addressed the independent and adequate state ground requirement, explaining:

> A procedural default is not "independent" if, for example, the state procedural bar depends upon an antecedent determination of federal law. Similarly, the procedural default is not "adequate" if the state courts themselves bypass the petitioner's default and consider his claims on the merits, if the procedural rule appears to be discretionary, or, ordinarily, if the state fails to assert an interest in compliance with its procedural rules in the petitioner's federal habeas proceedings.

*Harmon v. Ryan*, 959 F.2d 1457, 1461 (9th Cir.1992) (citations omitted). The court went on to note that if a defendant cannot reasonably comply with a state procedural requirement, his noncompliance will not bar federal review:

For example, if under state procedures a criminal defendant cannot obtain a review of his conviction without purchasing a transcript, then an indigent criminal defendant who cannot reasonably afford to pay for his trial transcript will be able to obtain federal habeas relief notwithstanding his failure to seek direct review of his conviction. The basic principle is that failure to follow state procedures will warrant withdrawal of a federal remedy only if those procedures provided the habeas petitioner with a fair opportunity to seek relief in state court.

*Id.* at 1461–62 (citations omitted); *see also Kim v. Villalobos*, 799 F.2d 1317, 1321 (9th Cir.1986) (pro se petitioner's inability to comply with state rule requiring claims to be pleaded with particularity does not bar federal review).

■■■ Since respondents have asserted procedural default, the court must determine whether the state court decision on each claim rests on state grounds that are independent of federal law and adequate to bar federal review before it may consider petitioner's claims on the merits.[6]

Respondents assert that this court should not consider claims 1, 2, 5–9, 11–14, 17, 18, 22, 25, 26, 28, and 30–33 of the second amended petition because the California Supreme Court relied on state procedural grounds in denying those claims.[7] Specifically, respondents argue that these claims are barred because: (1) the state court's October Order declares that petitioner failed to explain or justify his delay or his failure to include these claims in his first habeas petition; (2) the October Order bars claims that petitioner should have, but did not, raise on

---

**5.** If there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner can demonstrate (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. *Harris*, 489 U.S. at 262, 109 S.Ct. at 1043 (citing *Murray v. Carrier*, 477 U.S. 478, 485, 495, 106 S.Ct. 2639, 2643, 2649, 91 L.Ed.2d 397 (1986)); *see also Thomas v. Goldsmith*, 979 F.2d 746, 749 (9th Cir.1992).

**6.** Petitioner argued before the magistrate judge that the respondents' motion should be barred because of a failure to obtain leave to bring it.

*See Hillery v. Pulley*, 533 F.Supp. 1189, 1194–95 (E.D.Cal.1982) (Rule 4 of the rules governing section 2254 cases require leave to file a motion to dismiss). He renews that argument before this court. The magistrate judge determined that the respondents' motion was appropriate under the circumstances. This court sees no basis for questioning that judgment.

**7.** The listed claims are all those raised in the state court for the first time in petitioner's second and third state habeas petitions. Respondents do not argue that claims raised on appeal or in the first state habeas petition are defaulted.

appeal; and (3) the cases cited in the state court's February 1992 Order make clear that the court denied the third petition on the same grounds as the second petition.

Petitioner claims that the February Order was a decision on the merits and the court may therefore consider all claims. Petitioner goes on to argue that, even if the court must consider the October Order, it cannot bar federal review because it is not based on independent and adequate state grounds. If the court finds any claims procedurally defaulted, petitioner requests an opportunity to make a showing of cause and prejudice.[8]

### A. *Effect of the February 1992 Order*

■ Before proceeding to the underlying procedural default issues, the court must decide what effect to give the state court's February 1992 Order. Therein, the California Supreme Court, without discussion, denied the habeas petition, citing *In re Terry,* 4 Cal.3d 911, 921 n. 1, 95 Cal.Rptr. 31, 484 P.2d 1375 (1971), and *In re Miller,* 17 Cal.2d 734, 112 P.2d 10 (1941). The cited portion of *Terry* explains:

> Where we have denied a petition for habeas corpus our policy is to deny a new application unless there has been a change in the facts or law (*e.g., In re Chessman,* 43 Cal.2d 391, 399 [274 P.2d 645]; *In re Horowitz,* 33 Cal.2d 534, 546 [203 P.2d 513]*), but this policy is discretionary (*In re Bevill,* 68 Cal.2d 854, 863, fn. 9 [69 Cal.Rptr. 599, 442 P.2d 679]*).

*Terry,* 4 Cal.3d at 921 n. 1, 95 Cal.Rptr. 31, 484 P.2d 1375.

*Miller,* in the relevant portion, similarly provides that a subsequent petition based on the same grounds as the prior petition would be denied absent disclosure of a "change in the facts or the law substantially affecting the rights of the petitioner." 17 Cal.2d at 735, 112 P.2d 10.

The Ninth Circuit has noted that a citation to *Miller* signals that the state court is denying the petition for the same reasons it denied the previous one. *Kim v. Villalobos,* 799 F.2d at 1319 n. 1. The United States Supreme Court has explained that "a later state decision based on ineligibility for further state review neither rests upon procedural default nor lifts a pre-existing procedural default, its effect upon the availability of federal habeas is nil." *Ylst v. Nunnemaker,* —— U.S. ——, —— n. 3, 111 S.Ct. 2590, 2595 n. 3, 115 L.Ed.2d 706 (1991). Under this analysis, a district court should look through the later decision to the last reasoned state court opinion. *Id.* Under *Kim* and *Ylst,* then, this court looks through the February 1992 Order and considers the October 1991 Order as the state court's basis for denying both the second and third petitions.

This analysis is complicated by the fact that the second and third petitions are not identical. Petitioner added one claim to his third state court petition.[9] In addition, the third petition described these federal proceedings in slightly greater detail than the second petition did and noted that the return to state court was blocked initially by a dispute over legal representation. *Compare* ¶¶ XII, XIV, and XV of second state petition *with* ¶¶ XII, XIV, and XV of third petition. Petitioner explains that these amendments were intended to justify the delay in bringing these subsequent state petitions. I must now identify the state court's ruling on the new claim and must determine whether the

---

**8.** Because petitioner asserts that cause and prejudice can be shown, he argues that factual questions are raised precluding disposition of these issues by way of a motion to dismiss. Accordingly, he argues that despite its characterization as a motion to dismiss, the matter before the court is actually the review of a magistrate judge's decision concerning a nondispositive motion, and thus considered by this court under the clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 303(f); *Ainsworth v. Vasquez,* 759 F.Supp. at 1469. While there is much to be said for this position, the court need not resolve the issue. Whether the standards articulated in § II, *supra,* or the "contrary to law" standard applies, the issue is the same; namely, what the law applicable to these motions teaches, i.e., the issue is one of law which the magistrate judge got either wrong or right.

**9.** The new claim, Claim No. 14 (Claim No. 25 in the second amended federal petition), is that the trial court failed to instruct the jury on the burden of proof in determining whether aggravating facts outweigh mitigating factors.

explanation of delay in the third petition alters the look-through analysis.

### 1. New Claim

■ The look-through rule would not, as an ordinary matter, apply to a new claim.[10] Therefore, the court should not look through the February 1992 Order to the October 1991 Order for the California Supreme Court's opinion on the new claim. This creates a difficulty in interpretation given the brevity of the February Order. The most reasonable way to interpret the order's application to the new claim is to apply the *Miller* citation.

■ In *Miller,* the court denied a subsequent habeas petition because there were no changes in the facts or the law "substantially affecting the rights of the petitioner." As the California Supreme Court recently explained, such a denial indicates that it examined the new claim and determined that it was insubstantial:

> The denial of a habeas corpus petition without issuance of an order to show cause, often referred to as a "summary denial," does not mean that the court has not considered the merits of the claims. Unless a procedural bar is apparent, the court will determine whether the petition states a prima facie case for relief. . . .

*In re Clark,* 5 Cal.4th 750, 769 n. 9, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). Under this analysis, there was a merits determination and I conclude that the claim should be considered by this court without regard to the procedural bars set out in the October 1991 Order.[11]

■ Even if I were to look through the February Order to the October Order, it appears appropriate to consider the new claim on its merits. Two procedural rules in the October Order could be deemed to apply to the new claim. First, the October Order determines generally that petitioner failed to justify his delay in bringing the petition. Second, the order bars claims which could have been, but were not, raised on appeal. These procedural rules do not bar review of the new claim because they are not adequate, within the meaning of that term in habeas jurisprudence, to bar federal review. *See* section III B, *infra.*

### 2. Explanation of Delay

■ The second new aspect of the third petition is that the petitioner explained in slightly more detail his federal proceedings and described the delay over appointment of counsel in his state proceedings. These additions do not constitute new claims. Indeed, the citations to *Terry* and *Miller* make clear that the state court did not consider anything added to the amended petition to justify an opinion different from the October Order. This conclusion is particularly appealing since petitioner added very little new information to his third petition. Accordingly, this new information does not affect this court's decision to look through the February Order to the October Order.

### B. Analysis of the October Order

### 1. Effect of the Second Paragraph of the October Order

■ Unfortunately, interpretation of the October Order is anything but straightforward. The California Supreme Court cites a number of procedural rules without specifying to which claims they apply. The court also rules on many claims on the merits, without explaining the relationship between the procedural and merits determinations.

---

10. In *Kim,* the court noted that the first and second petitions were "substantially identical." 799 F.2d at 1319 n. 1. The *Ylst* decision applies the look through presumption to claims that are the same. ── U.S. at ──, 111 S.Ct. at 2594.

11. The state court's decision might also be characterized as the application of a procedural rule that is dependent on federal law and thus not a bar to federal review. *See Ake v. Oklahoma,* 470 U.S. 68, 74–75, 105 S.Ct. 1087, 1091–1092, 84 L.Ed.2d 53 (1985) (Oklahoma's waiver rule does not apply to federal constitutional errors; thus state court must have ruled that no federal constitutional error had been committed before applying waiver doctrine and state rule is not independent of federal law); *Harmon v. Ryan,* 959 F.2d 1457, 1461 (9th Cir.1992) (same, citing *Ake*); *but cf. Coleman v. Thompson,* ── U.S. ──, ──, 111 S.Ct. 2546, 2560, 115 L.Ed.2d 640 (1991) ("*Ake* was a direct review case. We have never applied the rule regarding independent state grounds in federal habeas.").

The order begins with the following statements:

Petition for writ of habeas corpus denied.

Petitioner fails to explain or justify the delay in presenting his claims (*People v. Jackson* (1973) 10 Cal.3d 265, 268 [110 Cal.Rptr. 142, 514 P.2d 1222]; *In re Shipp* (1965) 62 Cal.2d 547, 553 [43 Cal.Rptr. 3, 399 P.2d 571] ) or the failure to include the claims in the petition for writ of habeas corpus denied by this court on August 29, 1988. (*In re Horowitz* (1949) 33 Cal.1d [sic] 534, 547 [203 P.2d 513]. *See People v. Karis* (1988) 46 Cal.3d 612, [250 Cal.Rptr. 659, 758 P.2d 1189].)

The ineffective counsel claim was raised and rejected in the prior petition. Absent a change in the facts or the law, the court will not entertain successive petitions based on the same ground. (*In re Terry* (1971) 4 Cal.3d 911, 921 fn. 1 [95 Cal.Rptr. 31, 484 P.2d 1375]; *In re Horowitz, supra,* 33 Cal.2d 534, 536 [203 P.2d 513].)

October Order at 1. The order then goes on to address most, but not all, of the claims on the merits. It includes an apparent additional procedural bar to three claims based on the court's decision that petitioner had or should have raised them on appeal.[12]

Respondents, noting that the order refers to claims in the plural, argue that the statements referring to delay in the second paragraph apply to all claims. Petitioner argues that this court should presume the ruling was on the merits since the State Supreme Court did not specifically deny petitioner's claims on procedural grounds.

■ Fairly read, the October Order appears to rely on both state procedural grounds and, by addressing the merits, on federal grounds. Put another way, the decision does not designate either the state or the federal grounds as dispositive. Where the state court decision fairly appears to rest primarily on federal law, or to be interwoven

with federal law and does not clearly denominate whether the denial of relief is on state or federal grounds, the federal court will presume there are no independent and adequate state grounds. *Coleman,* —— U.S. at ——, 111 S.Ct. at 2557 (quoting *Michigan v. Long,* 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 3476–77, 77 L.Ed.2d 1201 (1983)); *Hunter v. Aispuro,* 982 F.2d 344, 346 (9th Cir.1992).

Two recent Ninth Circuit cases specify that to avoid federal review a state court must make a " 'clear and express' statement that it relied upon procedural grounds as an alternative holding." *Carriger v. Lewis,* 971 F.2d 329, 333 (9th Cir.1992) (en banc) (quoting *Thomas v. Lewis,* 945 F.2d 1119, 1122–23 (9th Cir.1991)), *superseding* 948 F.2d 588 (9th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 1600, 123 L.Ed.2d 163 (1993).[13] The United States Supreme Court has also recognized the necessity of a specific ruling on procedural grounds. *See Harris v. Reed,* 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 1044 n. 10, 103 L.Ed.2d 308 (1989). In *Harris,* the Court explained that a state court may alternatively rely on a procedural default only where the state court "explicitly invoke[d] a state procedural bar rule as a separate basis for decision." *See also Carriger,* 971 F.2d at 333 (state court may "alternatively deny relief on the merits of a federal constitutional claim even after dismissing the claim on procedural grounds").

Whatever else is true of the October Order, it cannot be gainsaid that it lacks an explicit statement that the court is relying on the procedural bars in the second paragraph as a separate basis for the decision as to each claim. Thus under present habeas jurisprudence, the decision is construed to rely equally on federal and state law. Under *Coleman,* this interweaving of state and federal grounds requires the court to apply the *Harris* presumption that the state court opinion must rest on a merits determination resolving federal issues. —— U.S. at ——, 111

---

**12.** Section IIIB.2.c. below discusses this procedural bar. Respondents also argue that the California Supreme Court's statement that "Search and seizure issues are not cognizable on habeas corpus" constitutes a procedural bar. That issue is discussed in section IIIB.2.b.

**13.** In *Thomas,* the state court specifically relied on state procedural grounds and noted that even if the claim had not been waived, relief would be denied on the merits. 945 F.2d at 1123.

S.Ct. at 2557; *see also Lloyd v. Walker*, 771 F.Supp. 570, 574–75 & n. 2 (E.D.N.Y.1991) (since state court decision can fairly be said to suggest both federal and state grounds, court applies *Harris* presumption). For all the above reasons, the October Order does not constitute a bar to federal habeas review.

■ Respondents argue that the magistrate judge has erroneously concluded that where the state court has articulated both federal and state reasons for denying a petition, federal habeas will lie unless the state court affirmatively designates the state grounds as the primary basis for denial of the petition. Whatever the merits of that analysis of the findings and recommendations, I have concluded that this case permits an even narrower analysis, namely, that where the state court's decision addresses both state and federal grounds, and the state court fails to articulate that state procedural grounds form an independent basis for the decision so that the federal court is left to conjecture concerning whether the matter was disposed of on a separate and independent state ground, the decision will be insufficient to bar federal review.[14]

■ Although under the above analysis respondents' motion must be denied, the magistrate judge was concerned that the California Supreme Court's decision might be construed as meeting the requirements of *Harris* and *Thomas* by adverting to a procedural bar immediately after declaring the petition denied. Moreover, it can be argued that since the state court did not rule on every claim on the merits the disposition was on procedural grounds. Given that the law in this area is undeveloped, the magistrate judge was well justified in proceeding to conduct an analysis based on the assumption that the delay statements in the second paragraph of the October Order apply to all claims.[15] Following his lead, I tread the same path.

■ The second paragraph of the order makes two points: (1) that petitioner has failed to explain or justify the delay in bringing these claims, and (2) that petitioner has failed to explain or justify his failure to include these claims in his first habeas petition. Petitioner combines these two points and addresses them only as delay. He appears to do so based on his argument that prior to the promulgation of the California Supreme Court's 1989 "Supreme Court Policies Regarding Cases Arising From Judgments of Death" which require the filing of habeas petitions within a certain time period, "the only discernible rules governing the timing of raising habeas claims related to the petitioner's general obligation to act with reasonable diligence once the supporting facts were known." Petitioner's Opposition Brief at 20 n. 13. I cannot agree. Contrary to petitioner's assertion, California had pre–1989 policies governing the filing of subsequent habeas petitions. In *In re Horowitz*, 33 Cal.2d 534, 546–47, 203 P.2d 513 (1949), the court held:

> And as to the presentation of new grounds based on matters known to the petitioner at the time of previous attacks on the judgment, in *In re Drew* (1922) 188 Cal.

---

14. Respondents' reliance on *Sochor v. Florida*, —— U.S. ——, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992); *Carriger v. Lewis*, 971 F.2d 329 (9th Cir.1992) (en banc); and *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir.1991), is unavailing. In each of those cases, it is clear that the state court found the procedural default was sufficient as an alternative ground for denial of relief. *Sochor*, —— U.S. at ——, 112 S.Ct. at 2120 (claims were "not preserved for appeal ... in any event, Sochor's claims have no merit."); *Carriger*, 971 F.2d at 333 (Because of violation of state rules, petitioner "would not be entitled to obtain relief under state law" and "his claims would be barred under state law"); *Thomas*, 945 F.2d at 1123 (state court ruled that "[e]ven if [Thomas'] claims were not waived, relief would be denied").

15. Petitioner argues that the delay statement cannot be read to cover the ineffective assistance of counsel claims. At first glance, the State Supreme Court's statement that the ineffective assistance claims were rejected in the prior petition appears to be in conflict with the court's immediately preceding statement that petitioner failed to raise the claims in the first habeas petition. However, as the citation to *Terry* makes clear, the ineffective assistance claims in the first and second habeas petitions need not be identical. Rather, under *Terry*, a petitioner must show a sufficient change in the facts or a change in the law to assert the same ground asserted in a prior petition. Since petitioner did not raise the identical claim previously, the delay statements can be considered to apply to the ineffective assistance claims.

717, 722 [207 P. 249], it was pointed out that the applicant for habeas corpus "not only had his day in court to attack the validity of the judgment, but ... had several such days.... The petitioner cannot be allowed to present his reasons against the validity of the judgment against him piecemeal by successive proceedings for the same general purpose."

Under *Horowitz*, the standard for determining whether new issues in a subsequent petition are barred turns not simply on delay, but on whether it could have been raised in a prior proceeding.

I have concluded that the California Supreme Court has not provided a clear and express statement that it was relying on procedural grounds as an alternate holding; assuming, however, that the court had specified the state grounds as the basis for its disposition, I now conclude that each state ground is not "adequate as a procedural bar to federal habeas corpus proceedings." *Thomas v. Goldsmith*, 979 F.2d 746, 749 (9th Cir.1992).

### a. *Is the Procedural Bar Based on Petitioner's Failure "to explain or justify the delay" an Adequate State Ground?*

■ The United States Supreme Court has generally held that a state rule is an adequate procedural bar if it is both "firmly established and regularly followed," *James v. Kentucky*, 466 U.S. 341, 348–49, 104 S.Ct. 1830, 1835, 80 L.Ed.2d 346 (1984), and foreseeable, *Ford v. Georgia*, 498 U.S. 411, 423–25, 111 S.Ct. 850, 857–58, 112 L.Ed.2d 935 (1991); *see also Paradis v. Arave*, 954 F.2d 1483, 1493 (9th Cir.1992), *vacated on other grounds*, —— U.S. ——, 113 S.Ct. 1837, 123

L.Ed.2d 463 (1993) (to be adequate state grounds must be "regularly and consistently applied"). In *Dugger v. Adams*, 489 U.S. 401, 410 n. 6, 109 S.Ct. 1211, 1217 n. 6, 103 L.Ed.2d 435 (1989), the Court held that a procedural rule was adequate when it had been applied in the "vast majority of cases." At issue in *Dugger* was Florida's rule that claims not raised on direct appeal cannot be raised on post-conviction review. The Court cited numerous Florida cases applying the rule. The Court found that "the few cases that respondent and the dissent cite as ignoring procedural defaults do not convince us that the Florida Supreme Court fails to apply its procedural rule regularly and consistently." 489 U.S. at 410 n. 6, 109 S.Ct. at 1217 n. 6. The Court then examined each of those few cases and determined that in only perhaps one or two of those cases had a Florida court recognized the possible procedural bar and refused to apply it.[16]

■ The Supreme Court has also held that a discretionary state rule cannot bar federal review. In *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969), the state high court rejected petitioner's appeal because petitioner had failed to give opposing counsel reasonable written notice of the tendering of the transcript. *Id.* at 231, 90 S.Ct. at 401. The United States Supreme Court examined past decisions of the state court and found that it had not

> so consistently applied its notice requirement as to amount to a self-denial of the *power* to entertain the federal claim here presented if the [state court] desires to do so. Such a rule, more properly deemed discretionary than jurisdictional, does not bar review here by certiorari.

**16.** In *Coleman v. Thompson*, —— U.S. ——, ——, 111 S.Ct. 2546, 2561, 115 L.Ed.2d 640 (1991), the Court pointedly noted the absence of exceptions to the state procedural rule at issue there. However, the Court refused to address the adequacy issue because it had not been raised in the petition for certiorari. *Id.* Justice White's concurrence argues that a rule subject to waiver cannot be considered adequate: "The predicate for this argument [that the state rule is not independent because it depends upon an antecedent federal constitutional ruling] is that on occasion the Virginia Supreme Court waives the untimeli-

ness rule. If that were true, the rule would not be an adequate and independent state ground barring direct or habeas review. *Cf. Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53 (1985)." —— U.S. at ——, 111 S.Ct. at 2569. Justice White's view is particularly noteworthy since he also authored *Dugger*. His *Coleman* concurrence appears to apply a different standard than *Dugger*'s "vast majority of cases" since the latter would seem to permit a rule to be deemed adequate even if the state court on rare occasion waived it.

*Id.* at 234, 90 S.Ct. at 403 (emphasis in original; citation omitted). Similarly, the Court in *Williams v. Georgia,* 349 U.S. 375, 389, 75 S.Ct. 814, 822, 99 L.Ed. 1161 (1955), noted that the state court had the power to grant petitioner's motion for a new trial, and relying, in part, on "the discretionary decision to deny the motion" held that it was not deprived of "jurisdiction to find that the substantive issues are properly before us." *Id.*[17]

 The Ninth Circuit has applied the same standard for determining the adequacy of a state court procedural rule to a habeas corpus case. In *Harmon v. Ryan,* 959 F.2d 1457, 1461 (9th Cir.1992), the court determined that a state court rule that appears to be discretionary cannot act as a bar to federal review, (citing, inter alia, *Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988) ("state procedural ground is not adequate unless the procedural rule is strictly. or regularly followed") (quoting *Hathorn v. Lovorn,* 457 U.S. 255, 262–63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982)); *Hill v. Black,* 932 F.2d

369, 373 (5th Cir.1991) (rule adequate where state court has only occasionally declined to apply it; otherwise, application of rule is established practice)); *see also Gutierrez v. Moriarty,* 922 F.2d 1464, 1470 (10th Cir.) (state court's unfettered discretion to waive rule means it is not consistently applied and thus not adequate), *cert. denied,* — U.S. ——, 112 S.Ct. 140, 116 L.Ed.2d 106 (1991).[18] Reading *Sullivan* and *Harmon* along with *Dugger,* it can be said that a state procedural rule that is, by its terms, discretionary, as opposed to one which does not appear discretionary but which the state courts have chosen to overlook on rare occasions, will not bar federal habeas review.[19]

 The delay rule in California turns on the exercise of discretion by the state court. As the California Supreme Court has explained, "[t]hese procedural bars to habeas corpus relief have been termed 'discretionary,' however . . . and have been described as a 'policy' of the court." *In re Clark,* 5 Cal. 4th at 768, 21 Cal.Rptr.2d 509, 855 P.2d 729.

**17.** *Sullivan* and *Williams* are both decisions on direct appeal from state court judgments. The United States Supreme Court adopted the independent and ˙adequate state ground doctrine from the direct appeal context for use in habeas corpus cases. *See Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2501, 53 L.Ed.2d 594 (1977) (citing *Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), a direct review case). Consequently, "[m]ost of the case law on which the independent and adequate state ground doctrine is based consists of decisions in direct appeals from state courts. The principles derived from those cases, however, are as applicable on federal collateral review of a state court conviction as they are on direct appeal." *Spencer v. Kemp,* 781 F.2d 1458, 1470 n. 21 (11th Cir.1986). Ninth Circuit discussions of the independent and adequate state ground doctrine have also relied on direct review cases. *See, e.g., Harmon v. Ryan,* 959 F.2d 1457, 1461 (9th Cir.1992) (citing *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), a direct review case). In *Coleman v. Thompson,* — U.S. ——, ——, 111 S.Ct. 2546, 2560, 115 L.Ed.2d 640 (1991), however, the high court noted that *Ake* was a direct review case and that the Court had never applied it in a federal habeas case. While that observation should make any subordinate court pause, what it portends is purely speculative. The history of the development of the doctrine and the practice of the circuits suggest that it is appropriate for this court to apply the principles of independent and

adequate grounds derived from direct review to habeas cases unless and until the Supreme Court directs otherwise.

**18.** Although *Harmon's* discussion may be characterized as no more than considered dicta, this court cannot ignore it. *See Harris v. Vasquez,* 913 F.2d 606, 633 (9th Cir.), *superseded,* 949 F.2d 1497, 1532 (9th Cir.1990), *cert. denied,* — U.S. ——, 112 S.Ct. 1275, 117 L.Ed.2d 501 (1992) (Noonan, J., dissenting), *and see* my opinion in *NRDC v. Patterson,* 791 F.Supp. 1425, 1435 n. 18 (E.D.Cal.1992) ("as a subordinate court, my role is to apply the law as pronounced by courts hierarchically superior, and in attempting to do so, it is my duty to consider those courts' considered dicta").

**19.** Simply using *Dugger's* "vast majority" test to determine the adequacy of the state court rule is extremely difficult, if not impossible, in California. In *Dugger,* the Court examined all available recent state court opinions to determine whether the vast majority of opinions applied the state rule consistently. The California Supreme Court, however, routinely issues summary denials of habeas corpus petitions. *See, e.g., Hunter,* 982 F.2d 344. The magistrate judge's research and the capital cases cited by petitioner in Exhibit A to his opposition to this motion reveal little or nothing about the court's application of the delay rule. Consequently, it makes particular sense when reviewing California cases to look to *Harmon,* as well as to *Dugger.*

In rejecting this petitioner's claims, the California Supreme Court indicated that it may have considered the claims if petitioner had presented a sufficient explanation or justification for the delay.[20] It is unclear, however, just what sort of explanation will be considered sufficient to justify delay. California courts have simply stated that they require some sort of "justification," *People v. Jackson*, 10 Cal.3d 265, 268, 110 Cal.Rptr. 142, 514 P.2d 1222 (1973), "explanation," *Ex parte Swain*, 34 Cal.2d 300, 302, 209 P.2d 793 (1949), *cert. denied*, 338 U.S. 944, 70 S.Ct. 425, 94 L.Ed. 582 (1950), or "special circumstances," *In re Stankewitz*, 40 Cal.3d 391, 396 n. 1, 220 Cal.Rptr. 382, 708 P.2d 1260 (1985), to excuse a delay. *See also In re Wells*, 67 Cal.2d 873, 875, 64 Cal.Rptr. 317, 434 P.2d 613 (1967). Research does not show, and respondents have not demonstrated, that the courts have articulated parameters within which they would exercise their discretion to find an explanation or justification sufficient.[21]

The discretionary character of the rule is further demonstrated by the absence of any time limits on acceptable delay. The California Supreme Court has explained that it has "established no time limit for the presentation of claims in a petition for habeas corpus; indeed, the basic function of habeas corpus is to afford relief which cannot otherwise be procured." *In re Huddleston*, 71 Cal.2d 1031, 1034, 80 Cal.Rptr. 595, 458 P.2d 507 (1969); *see also Swain*, 34 Cal.2d at 304, 209 P.2d 793; *In re Hancock*, 67 Cal.App.3d 943, 945 n. 1, 136 Cal.Rptr. 901 (1977); *In re Saunders*, 2 Cal.3d 1033, 1040–41, 88 Cal. Rptr. 633, 472 P.2d 921 (1970); 6 Witkin & Epstein, *California Criminal Law* at 3364 (2d ed. 1989).

Respondents acknowledge that "procedural defaults do not bar review when they are not consistently and regularly applied or when they are imposed to evade federal review." Objections to the magistrate judge's findings and recommendations, p. 12. They deny, however, that standards relative to the application of procedural default which are "discretionary" are of such a character. Relying upon Justice Harlan's dissent in *Sullivan v. Little Hunting Park*, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969), respondents maintain that the majority's application of the notion of discretion as barring procedural default is not well-reasoned. Assuming, without deciding, that there is merit in Justice Harlan's dissent, it goes without saying that this court is bound by the majority's opinion. *See Sacramento Valley Chapter of Nat'l Elec. Contractors Ass'n v. International Brotherhood of Electrical Workers*, 632 F.Supp. 1403, 1408 n. 9 (E.D.Cal.1986), *aff'd* 888 F.2d 604 (9th Cir. 1989) ("I am obligated to apply the holdings of the Supreme Court 'however misguided.' "). Moreover, respondents acknowledge that "federal review is not barred when a state procedural default appears to be based on an ad hoc rather than a principled basis." Objections at 16. It is the central characteristic of a standard addressed purely to discretion, however, that it is ad hoc in character. As the Ninth Circuit has explained, a state rule which permits courts to entertain constitutional claims or decline to entertain the same claim will not bar federal review. *See Russell v. Rolfs*, 893 F.2d 1033, 1035–36 (9th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2915, 115 L.Ed.2d 1078 (1991) ("It is significant to our interpretation that the Washington Supreme Court decided not to

---

**20.** A review of the state court petitions shows that petitioner attempted to explain the delay by describing petitioner's acquisition of new counsel in the federal proceeding (third state petition, "Amended Petition," at 5), the discovery and investigations conducted at the federal level (*id.*), and the delay in the state court's appointment of counsel (*id.* at 6).

**21.** Without citation to authority, the respondents assert that the burden of demonstrating that procedural default rules are not regularly and consistently applied rests with petitioner. I cannot agree. Procedural default is an affirmative de-

fense which may be waived. *See Wainwright v. Sykes*, 433 U.S. 72, 80, 97 S.Ct. 2497, 2503 (procedural default a matter of comity); *Francis v. Rison*, 894 F.2d 353, 355 (9th Cir.1990) (procedural default waived by failure to raise at district court). Moreover, it is respondents who seek a dismissal, and ordinarily under such circumstances the burden rests with the proponent of the defense and of the motion. *See Kouba v. Allstate Insurance Co.*, 523 F.Supp. 148, 154–56 (E.D.Cal.1981), *rev'd on other grounds*, 691 F.2d 873 (9th Cir.1982).

exercise its discretionary power—as contrasted with refusing to hear Russell's case because of a procedural bar.").

■ It is, of course, true that "[t]he term discretion has more than one meaning, and indeed means different things in different contexts." A. Barak, *Judicial Discretion*, 7 (Yale Univ. Press, ed. 1989). The United States Supreme Court has recognized multiple meanings of the term, explaining that "[i]n one sense of the word, an official has discretion when he or she 'is simply not bound by standards set by the authority in question ...' [b]ut the term discretion may instead signify that 'an official must use judgment in applying the standards set for him [or her] by authority.'" *Board of Pardons v. Allen*, 482 U.S. 369, 375, 107 S.Ct. 2415, 2419, 96 L.Ed.2d 303 (1987) (quoting R. Dworkin, *Taking Rights Seriously* 32 (1977)). This court must therefore determine which type of discretion the California Supreme Court is exercising—if that court's discretion is constrained by standards, it is arguably an adequate state ground; on the other hand, if it is standardless, it cannot be considered adequate.

■ In the sense that discretion is used relative to the issue of an adequate and independent state ground, it appears that the court speaks of discretion in the first sense. In that sense, "[i]f the word discretion conveys to legal minds any solid core of meaning, one central idea above all others, it is the idea of choice." Rosenberg, *Judicial Discretion of the Trial Court Viewed from Above*, 23 Syracuse Law Review 635, 636 (1971). In essence, discretion in this sense "means the power to choose between two or more courses of action, each of which is thought of as permissible." H. Hart & A. Sachs, *The Legal Process: Basic Problems in the Making and Application of Law*, 162 (1958); *see also* Barak, *Judicial Discretion*, p. 7 ("discretion is the power given to a person with authority to choose between two or more alternatives, when each of the alternatives is lawful."). Thus the hallmark of a discretionary judgment is the absence of a determinate

result compelled by a preexisting rule. Yablon, *Justifying the Judge's Hunch: An Essay in Discretion*, 41 Hastings Law Journal 233 n. 8 (1990).

■ One result of an understanding that the notion of discretion focuses on the ability to choose between lawful alternatives is that a discretionary judgment is subject to limited review. Thus, discretion "has to do with heirarchal relations among judges that exist when 'the rules of review accord to lower court decisions an unusual amount of insulation from appellate revision. In this sense, discretion is a review constraining concept.'" Rosenberg, *supra*. In sum, while a higher court may delimit the scope of discretion, i.e., define what choices are lawful, that court cannot, consistent with a grant of discretionary power, establish a rule compelling choices within the boundaries of lawful choice.

■ An examination of the California Supreme Court's various articulations of the factors bearing upon its determination as to when to examine issues raised in subsequent habeas petitions, demonstrates that those determinations are purely discretionary within the meaning of the term as discussed above. As the California Supreme Court has explained, "no clear guidelines [to determine when it is appropriate to depart from procedural bar rules] have emerged in our past cases." *In re Clark*, 5 Cal.4th at 763, 21 Cal.Rptr.2d 509, 855 P.2d 729. Not only do the cases demonstrate that the court is not compelled by rule to accept or reject subsequent petitions, but as the highest authority concerning state law, whose decisions are not subject to further review, no firm limits to its exercise of discretion can exist.

Because California's rule concerning delay as a bar to habeas is standardless both substantively and as to duration, it does not provide petitioners with adequate notice of the circumstances that will bar their claims. For that reason, it cannot be considered the sort of firmly established and regularly followed rule that is adequate to bar federal habeas corpus review.[22]

---

22. *In re Clark* was decided subsequent to the denial of Karis' petition by the California Supreme Court. This court expresses no opinion as

**b.** *Is a Procedural Bar Based on Petitioner's Failure to Explain or Justify the Absence of the Claims from the First Habeas Petition an Adequate State Ground?*

■ I next consider whether denial of the petition premised on a failure to assert the claims in the first habeas petition acts as a bar to federal review. It appears to this court that the California Supreme Court's statement of the rule in this case, *see* pp. 1458–1459, *supra*, provides the answer. The obvious implication from the court's statement is that relief may not have been barred if petitioner had provided a sufficient explanation or justification for his failure to raise these claims in his first habeas petition. Since research does not reveal, nor have respondents shown, any standards for determining what constitutes an explanation or justification, the rule applied by the state court was a discretionary one. This conclusion is supported by an examination of the California court's use of the rule in other cases.

■ Although the cited portion of *Horowitz* holds that a petitioner may not raise new grounds which were known to the petitioner at the time of a previous attack on the judgment, 33 Cal.2d at 546–47, 203 P.2d 513 (citing *In re Drew*, 188 Cal. 717, 722, 207 P. 249 (1922)), under California law, application of the rule is discretionary. *In re Bevill*, 68 Cal.2d at 863 n. 9, 69 Cal.Rptr. 599, 442 P.2d 679. The court has explained that "[o]ur policy is to deny a new application unless there has been a change in the facts or law (*e.g., In re Chessman*, 43 Cal.2d 391, 399, 274 P.2d 645; *In re Horowitz*, 33 Cal.2d 534, 546, 203 P.2d 513, but this policy is discretionary (*see* Witkin, *Cal. Criminal Procedure* § 797 at 769–70)." *Bevill*, 68 Cal.2d at 863 n. 9, 69 Cal.Rptr. 599, 442 P.2d 679. *See also In re*

*Terry*, 4 Cal.3d 911 n. 1, 95 Cal.Rptr. 31, 484 P.2d 1375 (1971) (same), *and* 6 Witkin and Epstein, *Cal. Criminal Law* § 3344 (2d ed. 1989). In this regard, the California Supreme Court has explained, relying on *Drew*, that the "rule" is subject to exception in "special circumstances." *In re Connor*, 15 Cal.2d 161, 163, 99 P.2d 248 (1940), *cert. denied*, 313 U.S. 542, 61 S.Ct. 844, 85 L.Ed. 1510 (1941) (petitioner failed to show special circumstances why he should have been permitted to raise claims piecemeal); *see also Ex parte Connor*, 16 Cal.2d 701, 703, 108 P.2d 10 (1940), *cert. denied*, 313 U.S. 542, 61 S.Ct. 844, 85 L.Ed. 1510 (1941) (rule against piecemeal attacks on judgment "admits of some modification under exceptional circumstances"). Indeed, the California Supreme Court has described its own practice as practically standardless. "Our past decisions have ... suggested that the rules against piecemeal presentation of claims and repetitious petitions are subject to undefined exceptions and that the court may be willing to entertain multiple collateral attacks on a judgment notwithstanding the potential for abusive writ practice." *In re Clark*, 5 Cal. 4th at 768, 21 Cal.Rptr.2d 509, 855 P.2d 729. Given that the California Supreme Court appears free to exercise discretion and reach the merits raised for the first time in a subsequent habeas petition, I cannot find the court's dismissal of the petition on that ground in this case suffices to bar federal review.[23]

I conclude that even if the state court's decision explicitly relied on procedural grounds as an alternate holding, neither aspect of the second paragraph of the October Order constitutes an adequate procedural bar to this court's reaching the merits of petitioner's claims.

to what effect, if any, the rules of review adopted there may have on the issues considered here.

**23.** Petitioner presents an overview of the California Supreme Court's rulings in capital habeas cases to show "the court's sporadic use of California's procedural rules on delay." Petitioner's Mem. in Opp'n to Mot. to Dismiss, at 16 and Ex. A thereto. While it is clear that the California Supreme Court has considered subsequent habe-

as petitions on the merits and has specifically ruled on procedural grounds, petitioner's overview has limited use since the necessary information is lacking. Many of the California Supreme Court's orders simply deny a subsequent petition. After *Coleman*, a district court needs information on the issues raised before it can resolve whether the order is one on procedural grounds or the merits.

### 2. *Other Possible Procedural Bars*

#### a. *Bar to Ineffective Assistance of Counsel Claim*

■ The California Supreme Court addressed petitioner's ineffective assistance of counsel claim as follows:

> The ineffective counsel claim was raised and rejected in the prior petition. Absent a change in the facts or the law, the court will not entertain successive petitions based on the same ground. (*In re Terry* (1971) 4 Cal.3d 911, 921, fn. 1 [95 Cal.Rptr. 31, 484 P.2d 1375]; *In re Horowitz, supra,* 33 Cal.2d 534, 546 [203 P.2d 513].)

Order at 1. The court then addressed the merits of the claim.

As discussed in section III A, the citation to *Terry* indicates that the court rested on its prior ruling, which reached the merits of the ineffective assistance claims asserted in petitioner's first state habeas petition. *See People v. Karis,* 46 Cal.3d 612, 653–57, 250 Cal. Rptr. 659, 758 P.2d 1189 (1988), *cert. denied,* 490 U.S. 1012, 109 S.Ct. 1658, 104 L.Ed.2d 172 (1989). Accordingly, this court should look through the October Order to the court's prior ruling on the merits of the ineffective assistance claims. *See Ylst v. Nunnemaker,* ── U.S. at ── n. 3, 111 S.Ct. at 2595 n. 3; *Kim v. Villalobos,* 799 F.2d at 1319 n. 1. Thus the October Order does not constitute a bar to federal habeas review.

#### b. *Refusal to Consider Fourth Amendment Claim*

■ Claim No. 8 in petitioner's state court petition and Claim No. 12 in the second amended federal petition assert that a search of petitioner's automobile was unreasonable and that petitioner was deprived of his right to fully and fairly litigate the claim in the state trial court due to that court's "probable bias."

The California Supreme Court ruled in response that "[s]earch and seizure issues are not cognizable on habeas corpus." The court relied on its previous holding that illegal search and seizure issues must be raised at or before trial or on appeal, *In re Sterling,* 63 Cal.2d 486, 488–89, 47 Cal.Rptr. 205, 407 P.2d 5 (1965), "[u]nless these direct remedies were inadequate for reasons for which the defendant was not responsible." *Id.* at 488, 47 Cal.Rptr. 205, 407 P.2d 5.

■ Similarly, under federal law, a federal court will only apply the exclusionary rule in a habeas proceeding upon a showing that (1) the state prisoner was denied an opportunity for a full and fair litigation of his or her fourth amendment claim; and (2) there has been a fourth amendment violation. *Stone v. Powell,* 428 U.S. 465, 495 n. 37, 96 S.Ct. 3037, 3052 n. 37, 49 L.Ed.2d 1067 (1976).

Respondents assert that the disposition amounted to a procedural bar. I cannot agree, for such a determination is inconsistent with the legal analysis the state supreme court was required to undertake.

■ Since petitioner alleged that the trial judge's bias prevented a fair suppression hearing, the court was required by both *Sterling* and *Stone* to consider and resolve that contention before ruling that petitioner's Fourth Amendment claim was not cognizable on habeas corpus. Because it resolved that issue adverse to petitioner, it did not reach the merits of the underlying Fourth Amendment claim. The full and fair hearing requirement, however, is inextricably tied to the underlying fourth amendment claim. Good sense and a decent respect for judicial economy suggest that under these circumstances both the bias and the underlying Fourth Amendment claim are cognizable on federal habeas. Of course, if this court resolves the issue of bias adverse to petitioner, I will not reach the merits of the Fourth Amendment claim—on the other hand, the inevitable consequence of *Stone* is that if I resolve the issue of bias in favor of petitioner, I am obligated to reach the merits of his constitutional claim.

#### c. *Bar to Claims Not Raised on Appeal*

■ The final procedural rule relied on by the California Supreme Court barred claims because they had not been raised on appeal. Specifically, the court stated:

> Claims related to issues raised and rejected on appeal or which could have been raised on appeal are not cognizable on

habeas corpus. (*In re Terry, supra,* 4 Cal.3d 911, 927 [95 Cal.Rptr. 31, 484 P.2d 1375].) Petitioner's claims regarding cumulative error and inadequate instructions are not cognizable therefore. (*In re Waltreus* (1965) 62 Cal.2d 218, 225 [42 Cal. Rptr. 9, 397 P.2d 1001, *cert. denied,* 382 U.S. 853, 86 S.Ct. 103, 15 L.Ed.2d 92 (1965) ].)

In the cited portion of *Waltreus,* the California Supreme Court refused to consider on habeas corpus arguments rejected on appeal, stating that habeas cannot serve as a second appeal. It thus appears that the California court in its October Order rejected petitioner's claims regarding cumulative error (Claim No. 10[24] in state petition, No. 14 in federal petition) and inadequate instructions (appears to refer to Claim Nos. 6 and 13 in state petition, Nos. 9 and 22 in federal petition) because they had already been rejected on appeal.

■ As discussed above, "a later state decision based on ineligibility for further state review neither rests upon procedural default nor lifts a pre-existing procedural default, its effect upon the availability of federal habeas is nil." *Nunnemaker,* —— U.S. at ——, n. 3, 111 S.Ct. at 2595 n. 3. As the United States Supreme Court has explained, the "ordinary state rule barring relitigation of claims raised on direct review" has "no bearing upon [petitioner's] ability to raise [the] claim in federal court." *Id.* at ——, 111 S.Ct. at 2596. Because the citation to *Waltreus* indicates that the state court rested on its prior ruling on these claims, the order, in itself, has no bearing on the availability of federal review. Nor does the original decision on the cumulative error claims which was on the merits. *See People v. Karis,* 46 Cal.3d at 648, 250 Cal.Rptr. 659, 758 P.2d 1189.

■ The merits rulings on the two inadequate instruction claims stands on a somewhat different plain since a review of the state court's decision on appeal and petitioner's appellate briefs does not reveal that

petitioner in fact raised these claims on appeal. *See id.* at 653–57, 250 Cal.Rptr. 659, 758 P.2d 1189; *see also* petitioner's opening, reply and supplemental briefs on appeal, SCR at AOB, ARB, and A, respectively. While petitioner challenged the trial court's double-counting of issues in its decision on petitioner's motion for reduction of sentence, 46 Cal.3d at 652–53, 250 Cal.Rptr. 659, 758 P.2d 1189, he did not challenge the trial court's penalty phase instructions to the jury. That latter challenge is Claim No. 13 in the second state petition. There is no appellate analogue to Claim No. 6.

It may be that the California Supreme Court meant to apply *Terry*'s bar on claims that should have been raised on appeal to Claim Nos. 6 and 13. Such an interpretation has no substantive effect because, as noted above, *Terry* does not bar federal review.

■ As discussed above, a rule is not adequate unless, at the least, it is applied in the vast majority of cases and is not discretionary in the sense that, at minimum, standards having compulsory force have been articulated and applied with regularity. *See Dugger v. Adams,* 489 U.S. at 410 n. 6, 109 S.Ct. at 1217 n. 6; *Harmon v. Ryan,* 959 F.2d at 1461. California courts have repeatedly held that the rule that claims not raised on appeal are not cognizable on habeas is "merely a discretionary policy governing the exercise of the reviewing court's jurisdiction to issue the writ." *In re Wallace,* 3 Cal.3d 289, 292, 90 Cal.Rptr. 176, 475 P.2d 208 (1970) (quoting *In re Black,* 66 Cal.2d 881, 887, 59 Cal.Rptr. 429, 428 P.2d 293 (1967)); *see also, e.g., In re Bower,* 38 Cal.3d 865, 872, 215 Cal.Rptr. 267, 700 P.2d 1269 (1985) (although a remedy by appeal might have been available, habeas relief will lie where special circumstances are presented); *In re Coughlin,* 16 Cal.3d 52, 55, 127 Cal. Rptr. 337, 545 P.2d 249 (1976) (same); *In re Antazo,* 3 Cal.3d 100, 107, 89 Cal.Rptr. 255, 473 P.2d 999 (1970) (same); 6 Witkin & Epstein, *California Criminal Law* § 3340 (2d ed. 1989) ("The requirement of the ex-

---

24. As did the magistrate judge, I assume that the California Supreme Court referred to Claim No. 10 rather No. 18 in this paragraph. Claim No. 10 involved the state court's failure to consider the cumulative impact of errors found harmless on appeal. Claim No. 18 involved the cumulative error of all constitutional violations raised on habeas corpus.

**1468**

haustion of the appellate or other remedy ... is merely a discretionary policy governing the exercise of the reviewing court's jurisdiction to issue the writ."). Accordingly, the rule does not bar federal review.

### IV

### *CONCLUSION*

For all the above reasons, I conclude that the California Supreme Court did not specifically invoke state procedural grounds as a separate basis for its decision. Accordingly, the court must consider the state court's ruling to have been on the merits. Moreover, even if the order is deemed to purport to rest on state grounds, they are either inadequate to bar federal review or require this court to look through the order to prior merits rulings by the state court.

For all of the above reasons, the motion to dismiss is **DENIED,** and the matter is **REFERRED** to the magistrate judge for further consideration on the merits.